The opinion of the court was delivered by
Miller, J.
The plaintiff, the mother and tutrix of Ross McNeely, alleged to be the child of -Ludlow McNeely, deceased, sues for the *1323 recognition of the child as the sole heir of the deceased, and to have annulled his last will, by which he constituted as universal legatee his brother, J. H. McNeely, the defendant. The will is assailed as not conforming to the legal requisites of nuncupative testaments under private signature. The defence is substantially that the will is valid, and a denial of the alleged paternity of the child. From an adverse judgment plaintiff appeals.
The deceased was separated from bed and board from his wife on the 23d May, 1889. The child, on whose behalf this suit is brought, was born on the 10th April, 1890. The deceased, by his last will, bequeathed all his property to his brother, and died on the 29th April, 1893. The paternity of the child was never disavowed by the deceased, and the question is whether the legitimacy of the child can be disputed by the universal legatee.
The Oode declares that without proof of cohabitation between the spouses since the separation from bed and board, the legitimacy of the child born of the wife three hundred days after the separation may be contested. This is the supposed presumpt.on relied on by the defendant, the universal legatee, the child whose legitimacy is disputed having been born three hundred and fifteen days after the judgment of separation. In estimating the force of the presumption claimed by defendant, the expression “may be contested ” arrests attention as implying that more is required than the length of time to make effective the presumption. Accordingly, in a succeeding article, it is declared that in all cases specified in the Oode in which the presumption of paternity ceases, the father, if he intends to dispute the legitimacv of the child, must do it within one month after the birth, or two months if absent when the birth occurs, or he shall be barred from ever making the objection. A delay of two months is granted the heir of the husband, if he dies before the delay allowed without the objection. Oivil Oode, Arts. 188, 191. It would seem, therefore, that the presumption invoked by the defendant utterly fails, if, as in this case, the husband dies without disputing the legitimacy of the child. Our Oode does not define the disavowal required of the husband. The Napoleon Oode left no doubt on this point, nor is there any under our jurisprudence. The French commentators distinguish between the action to contest legitimacy given to all interested, when, for instance, that status is assumed when no marriage existed, and the action “ en desaveu” given to the husband *1324 or his heir. 4 Marcade, p. 18, par. 16. In either case, suit was required. The Napoleon Oode uses the expression “ desavouer,” “re■clamer,” “ contester,” and to remove all question on the point, declares : “ Toute acte extrajudiciare contenant le desaveu de la part du mari ou de ses heritiers, sera comme non avenu s’il n’est suivi d’une action en justice dirigée contre un tuteur ad hoc donné a l’enfant et en presence de sa mere.” Napoleon Oode, Art. 318. Our decisions have been in accordance with this view. Tate vs. Penn., 7 N. S. 553; Eloi vs. Mader, 1 Rob. 584; Dejol vs. Johnson, 12 An. 855; Saloy case, 44 An. 435. It is, in our view, clear, tinder our Oode, that the legitimacy of the child of the wife not divorced, born after the judgment of separation of bed and board, can not be disputed, unless the suit is brought by the husband to disavow that legitimacy.
Our conclusion is fortified on this point by an examination of the articles of the Napoleon Oode. That code announces, “ L’enfant concu pendant le marriage a pous pere le mari,” and that presumption is maintained except in specified cases. That code as it originally stood took no account of separation from bed and board not followed by divorce, as disturbing the presumption of paternity. Napoleon Oode, Sirey, Art. 313. Article 313 now has this addition: “ En cas de separation de corps le mari pourra desavouer l’enfant qui sera né trois cents jours apres 1’ordinance du president * * * l’action en desaveu ne sera pas admise s’ il y a en reunion de fait entre les epoux.” Dalloz les Oodes Annotes, Art. 313. So under that code as under ours the action to disavow is essential, and birth after separation from bed and board merely is not enough to stamp the illegitimacy. See Arts. 312 to 316, Napoleon Oode.
The argument of defendant is based on the theory that the child in this case is without and not within the presumption of the paternity of the husband of the mother. In this connection we have considered all the authorities including Art. 136 of our Oode cited by defendant, which declares the judgment of separation puts an end to the cohabitation of the spouses. Of course, no action to disavow is requisite in those cases when the presumption of paternity absolutely ceases. 1 Robinson, 585, and Boilleux and other authorities there cited. But when we turn to our Oode and the analogous articles of the Napoleon Oode, we find the qualification of the presumption arising from birth after separation from bed and board, that the action to disavow must support the presumption.
*1325 This view of the controversy dispenses us from the examination of the testimony tending to show the child was not of the father and that of the contrary bearing, administered on behalf of defendant. The legitimacy of the child rests on another and impregnable basis.
On the question of the will in nuncupative form by private signature, we note the contention of plaintiff that there is no proof the testator caused it to be written. As we appreciate the testimony irrespective of that objected to, it is shown the testator presented the will to the witnesses and declared it to be his will. Oivil Oode, Arts. 1581, 1648. We think the legal requisite was fulfilled. Wood vs. Roane, 35 An. 865. But the will is reducible to the disposable portion. C. C., Art. 1493.
We think it best to reserve for future adjudication the questions of revenues to be accounted for, debts paid and improvements on the property claimed to have been made by defendant. These and other questions of account can best be adjusted when the executor files his account.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided, annulled and reversed, and it is now decreed and adjudged that Ross B. McNeely be and he is hereby decreed to be the legitimate child of Ludlow.McNeely, deceased, and his wife, M. L. McNeely, and as such entitled to the legitime one-third of the property left by said deceased; that the will of said deceased in favor of his brother, J. H. McNeely, be and is hereby decreed to be reduced to the disposable portion, two-thirds of said property; that all questions of rents or revenues, improvements and debts, paid or to be paid, be reserved for further proceedings in the lower court, and that defendant pay costs.