(37 South. 773.)

No. 15,215.

EZIDORE v. CUREAU'S HEIRS (JACK-SON, Intervener).*

(May 9, 1904. On the Merits, Dec. 5, 1904.)

APPEAL—JURISDICTION — LEGITIMACY — PRE-SUMPTIONS—MOTION TO DISMISS.

1. Where a minor in necessitous circumstances, born of the wife of its putative and deceased father during the life of the latter, makes claim, under Civ. Code, art. 3252, to a sum of money derived from the sale under executory process of property belonging to his succession, which sum is less than that to which the appellate jurisdiction of this court extends, and the seizing creditor, by way of defense to the claim so made, denies the paternity of the minor, the judgment of the district court, holding that, as the child of the marriage, the minor is legitimate in the eyes of the law, is appealable to this court: and the appeal will not be dismissed on the suggestion that the court is without jurisdiction quoad the amount of the fund in dispute.

On the Merits.

2. Where the evidence shows beyond dispute that a child was conceived and born during marriage, and was not disavowed by the husband during his lifetime in the mode prescribed by law, the status of legitimacy is fixed, and can be questioned by no one in any form of proceeding. See Succession of Saloy, 10 South. 872, 44 La. Ann. 433.

(Syllabus by the Court.)

Appeal from Twenty-Eighth Judicial District Court, Parish of St. John the Baptist; Jerome Louis Gaudet, Judge.

Action by A. S. Ezidore against the heirs of Sidney Cureau. John Henry Jackson, tutor, files third opposition. From the judgment, plaintiff appeals. Affirmed.

James V. Chenet and Francis Charles Zacharie, for appellant. John Alonzo Woodville, Louis Hermann Marrero, Jr., and Daniel Wendling, for appellees.

On Motion to Dismiss Appeal.

MONROE, J. Plaintiff having proceeded, via executiva, to cause certain property to be sold to satisfy a mortgage of $500 imposed on it by Sidney Cureau, deceased, and the property having realized $650, a third opposition was filed, claiming said amount on behalf of decedent's minor child, in necessitous circumstances. There was judgment for the opponent from which the plaintiff has appealed. The opponent moves to dismiss the appeal on the ground that this court is without jurisdiction ratione materiæ. The ground upon which the appellate jurisdiction is invoked is that the plaintiff, in his answer to the opposition, denies the paternity of the minor.

It is conceded that the minor was born of the decedent's wife during their marriage. It is not suggested that its legitimacy has ever been questioned by the decedent or his heirs; and the learned judge a quo held, in ruling upon the admissibility of evidence, that it cannot be questioned by plaintiff, and, upon the merits, that "as the child of the marriage, she [the minor] is legitimate in the eyes of the law." The question of legitimacy was therefore presented to and decided by the district court, and quoad that question the case is appealable to this court, and must be considered on its merits.

The motion to dismiss is therefore denied.

On the Merits.

LAND, J. We have heretofore ruled on the motion to dismiss the appeal that the question of the legitimacy of the minor represented by Jackson, tutor, was presented to and decided by the district court, and quoad that question the case was appealable to this court, and must be considered on its merits.

Plaintiff sued out executory process on mortgage notes executed by Sidney Cureau, alleging his death in 1902, and making his widow, Eugenia Jackson, a party, as sole heir and widow in community. The mortgaged property was seized and sold for the price of $650. Eugenia Jackson intervened, and claimed the sum of $1,000 reserved to the widow in necessitous circumstances.

*Rehearing denied January 16, 1905.

Eugenia Jackson died, and subsequently John Henry Jackson, Sr., representing himself as the tutor of Emma Jackson Cureau, filed a petition of intervention and third opposition, claiming the sum of $1,000 as a minor child's homestead. This petition alleged that Sidney Cureau and Eugenia Jackson were married in 1893 in the city of New Orleans; that said minor was the sole and only legal heir of Sidney Cureau and his deceased wife, Eugenia Jackson; that the said mother died in the city of New Orleans in May, 1903; that her succession was regularly opened in said city, and petitioner was duly appointed tutor of said minor, as shown by the letters attached to the petition. The petition further set forth that the minor was a child about six years of age, and was in necessitous circumstances.

For answer, after pleading the general issue, the seizing creditor specially denied the existence and identity of said minor, and that there was any issue of the marriage of Sidney Cureau and Eugenia Jackson, and also specially denied the alleged paternity of the intervener. The answer further averred that the minor represented by Jackson, tutor, was the issue of illicit intercourse between Eugenia Jackson and one Henry T. Brady, who for years lived together in open concubinage in the city of New Orleans, and were married on the deathbed of the said Eugenia in May, 1903, and that the true name of the child so born was and is Emma Papon Brady, colored. The answer further sets forth that said child was baptized as Emma Brady, and has always been acknowledged and supported as the child of the said Brady, in his family and that of Eugenia Jackson.

The answer further sets forth that shortly after her marriage to Sidney Cureau, in September, 1893, the said Eugenia deserted him and his home, and returned to the city of New Orleans, "where she ever since, and up to the time of her death, resided and lived together with the said Henry T. Brady, as his wife, openly and constantly"; "that the said Sidney Cureau always lived away from her, in the parish of St. John the Baptist; that they were both on inimical terms, and cohabitation between them was physically and morally impossible; that the said Sidney Cureau, his heirs and family, never knew of the birth of said child, and none was born to him from the said Eugenia Jackson."

The case was tried, and all evidence to sustain the averments of the answer was ruled out by the trial judge on the ground that the following facts appeared from the pleadings, and were not disputed, viz.:

"Emma Jackson was married to Sidney Cureau on the 27th day of September, 1893. He died on the 27th day of November, 1902. She died on the 22d day of May, 1903. The child interested in these proceedings was born of Emma Jackson, and during her marriage with Sidney Cureau"

—And that on these facts the status of the minor as a legitimate child could not be contested; her father having failed to do so within the time prescribed by article 191 of the Civil Code. The question of identity was conceded by both parties, and also the fact that the child was born during the marriage between Eugenia Jackson and Sidney Cureau. See Plaintiff's Supplemental Brief, p. 32. Hence the question of legitimacy vel non is the only one to be considered.

Under articles 191 and 192 of the Civil Code, if the husband or his heirs ever had any right of action "to dispute the legitimacy of the child," such action was not instituted within the delays prescribed by law, and has long since been barred. Dejol v. Johnson, 12 La. Ann. 853. While the Code, in terms, bars only the husband and his heirs, after a certain delay, from questioning the legitimacy of the child born during marriage, this court has held that the right is personal to the husband, and, if he fails to exercise it, "the door is forever closed, and no one can afterward assert a right

strictly personal to him." Succession of Saloy, 44 La. Ann. 443, 10 South. 876.

In McNeely v. McNeely, 47 La. Ann. 1321, 17 South. 928, this court held that the legitimacy of the child of the wife not divorced cannot be disputed unless suit is timely brought by the husband to disavow that legitimacy. The court in that case declined to consider testimony pro and con that the child was not of the husband of the mother, saying "that the legitimacy of the child rests on another and impregnable basis." In Dejol's Case, 12 La. Ann. 853, such testimony was ruled out.

The reasons for the rule are ably and elaborately set forth in the Saloy Case, and their repetition would serve no useful purpose.

Counsel for appellee contends that the authorities cited have no application to the case at bar, because it is not a suit brought by others than the child, contesting the status of the child and seeking to destroy it, but a suit brought by the child to establish its status by filiation and legitimacy. In the McNeely Case, already cited, the suit was brought by the tutor of the child, and the court refers to the action to contest legitimacy given to all interested, "when, for instance, that status is assumed." 47 La. Ann. 1323, 17 South. 929. In the Saloy Case the court refers to the action "en contestation de légitimité," citing Mourlon, who defines such an action as follows:

"L'action par laquelle le demandeur soutient que l'enfant n'est pas légitime, parce que sa naissance et sa conception n'ont pas eu lieu pendant le marriage de sa mère, ou parce que sa mère n'est pas mariée."

This is not an action brought by any one to contest the status of the intervener, or to contest her legitimacy, but is an action brought by the minor, as heir of her father, to recover a sum of money alleged to be due her in her capacity as heir. Of course, the burden of proof is on her to prove such capacity, when specially denied. If this suit be considered an action "en contestation de légitimité," the proof is sufficient to sustain it.

Articles 193–197 of the Civil Code imply a suit to establish "legitimate filiation." Such an action must necessarily be brought by the child claiming such a status against the mother or father, or both, or their heirs. Mourlon, liv. 1, p. 922. Under the French Code, the reputed father is permitted, under the circumstances detailed in Code Napoleon, art. 321, corresponding to article 196 of our Civil Code, to rebut the presumption of paternity by all kinds of proof. But even in such an action, where the reputed father denies the alleged paternity, the rule that a child conceived or born during the marriage has the husband for a father should be applied. Id. pp. 472, 473. Otherwise the articles of the Code would be antagonistic.

If the husband and his heirs cannot dispute the legitimacy of the plaintiff, for a stronger reason the door should be closed on third persons in actions for money or property. Otherwise the question of status fixed as to the family might be successively raised and litigated in a number of ordinary suits.

It may be further stated that after the death of Eugenia Jackson Cureau, in May, 1903, her succession was opened, and John Henry Jackson, Sr., maternal grandfather of the minor, was appointed as her legal tutor, and that finally, in January, 1904, judgment was rendered recognizing Emma Cureau as the sole and only child of Sidney and Eugenia Cureau, born during the existence of the marriage between them, and sending her into possession of the estate of the mother. This judgment was supported by marriage certificate and the deposition of two witnesses. In the Saloy Case there was also such a judgment of recognition, backed by plaintiffs' allegation of birth during the existence of the marriage; and it was held that such a status could not be assailed by the state, claiming the succession on the

ground that the recognized heirs were adulterous bastards.

We consider that the sole question of law in this case has been settled by our state jurisprudence, and that no useful purpose would be subserved by reviewing the French authorities on the subject. The rule in this state is founded on considerations of public policy, which forbids that the question of the legitimacy of a child conceived and born during marriage, and never disavowed by the father in the mode prescribed by law, be raised by any one after his death. The reasons for this rule were ably expressed by the late Chief Justice Bermudez in the Saloy Case, after a review of all the authorities, and are the same, whatever may be the form of litigation in which the question is raised.

We have noted the bills of exception in the record, and dispose of the same by saying that, if the testimony excluded tended to show that the minor was an adulterous bastard, it was properly excluded; otherwise it was irrelevant. We have not been advised of the exclusion of any testimony to disprove marriage, or birth during marriage, both of which seem to be admitted.

Judgment affirmed.