subject to the rule forbidding hearsay evidence.

[6] The request made by the defendant's attorney in this case, however, was to instruct the jury, not to disregard only the hearsay evidence, but to disregard "any testimony as to Charley Brown's room." The judge was right in refusing to give the instruction. The defendant's attorney had brought out the hearsay evidence himself, and, knowing that it was hearsay evidence, persisted in having the witness repeat it, for the purpose, as shown by the manner of cross-examination, of arguing to the jury that the knowledge of the witness was founded upon hearsay evidence, and was therefore not reliable.

The verdict and sentence are affirmed.

ST. PAUL, LAND, and BRUNOT, JJ., concur in the decree.

---

(109 So. 395)

No. 26216.

## SUCCESSION OF FLYNN.

(May 31, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Bastards** ⊜⇒3—There is presumption that child, conceived in wedlock, but born after parents' separation, is legitimate, in absence of father's action en desaveu (Civ. Code, arts. 184–192).

There is presumption that child, conceived in wedlock, but born after parents' separation, is legitimate, in absence of father's action en desaveu, in view of Civ. Code, arts. 184–192, which cannot be destroyed by declarations of mother or her heirs, nor affected by statement in registration of birth that child was born of father other than mother's husband.

2. **Wills** ⊜⇒229.

Where testatrix was survived by legitimate child, collateral heirs *held* excluded from her succession and without interest to annul will.

3. **Wills** ⊜⇒229.

Court has no duty to ascertain whether testatrix created fidei commissum in instituting attorney her universal legatee unless interested party complains, in view of Code Prac. art. 15.

4. **Action** ⊜⇒6.

Province of judiciary is to interpret law and determine controversy only where there is real and actual issue in contest between litigants.

Appeal from Civil District Court, Parish of Orleans; Mark M. Boatner, Judge.

Succession of Mrs. Aline Flynn. From a judgment sustaining an exception of no cause of action to the petition of collateral heirs attacking her will, they appeal. Affirmed.

Edward Rightor and Paul W. Maloney, both of New Orleans, for appellants Villermin and others.

Wm. S. Hero, of New Orleans, for appellant Hero.

Spencer, Gidere, Phelps & Dunbar, of New Orleans, for appellee Quintero.

ROGERS, J. Appellants are the collateral heirs of the decedent. They appeal from a judgment sustaining an exception of no cause of action to their petition attacking her will. By the terms of the will, a member of the bar, not related to the decedent, was instituted her universal legatee. Petitioners charge the legacy is a fidei commissum, in that the legatee had agreed to transfer the estate to a son of the testatrix, who was alleged to be an adulterous bastard.

[1, 2] It appears from the averments of the petition that the testatrix obtained a judgment of separation from bed and board from her first husband, Henry Henry, on April 16, 1884, and that her son was born on November 9, 1884. The child was conceived, therefore, while the testatrix was the wife of Henry, and the petition fails to show that an action en desaveu was ever instituted by him. In these circumstances, it is of no con-

sequence that petitioners also allege that, at the time of the conception of the child, his mother was living in open concubinage with a married man, as she admitted judicially, and that her paramour had acknowledged that he was the father of the child by registering him at the board of health as the issue of himself and the decedent. Whatever may be the true facts, Henry having remained silent, the presumption is that the child is the legitimate offspring of his marriage with the testatrix. Civ. Code, arts. 184–192, inclusive; McNeely v. McNeely, 47 La. Ann. 1322, 17 So. 928; Ezidore v. Cureau's Heirs, 113 La. 839, 37 So. 773. The declarations of the decedent or of her heirs cannot destroy this presumption. Succession of Saloy, 44 La. Ann. 441, 10 So. 872. Nor is it affected by the statement, made in the registration of the birth of the child, that he was born of a father other than the husband of his mother. Since the testatrix, therefore, was survived by a legitimate child, the petitioners are excluded from her succession and are without interest to annul her will.

[3, 4] Counsel for the appellants argue that, in any event, it having been charged the testatrix has created a fidei commissum, it is the duty of the court to investigate and ascertain the facts so that her will may be annulled if it be found the charge is true, in vindication of the public policy of the state. No authority is cited in support of the argument. Code Prac. art. 15, provides, however, that "an action can only be brought by one having a real and actual interest." No one is permitted to question the right of another in respect to a certain subject-matter unless he has a legal interest therein himself. The province of the judiciary is to interpret the law and determine the controversy only where there is a real and actual issue in contest between the litigants.

For the reasons assigned, the judgment appealed from is affirmed.