LAND, J.
 

 Mfs. Lucille Payne Evans has brought the present suit against Mrs. Francis K. Roberson and Vernon G. Roberson, the heirs and legatees of William E. Roberson, deceased, to have plaintiff’s three minor children, in necessitous circumstances, recognized to be the illegitimate children of decedent, and as such entitled to alimony at the rate of $50 each per month for such period of time as the court may deem fit and proper.
 

 Plaintiff alleges that her three minor children, Yvonne Evans Roberson, William Evans Roberson, and Alphonesine May Evans Roberson, were born March 17, 1924, July, 28, 1925, and October 19, 1927, respectively; that the father of these children, one William E. Roberson, was married at the time they were born; and that, while it was impossible for him to acknowledge them .as his natural children, he did admit and declare that they were his offspring.
 

 The following admissions are made by counsel for plaintiff and defendant:
 

 “1. It is admitted that the plaintiff, Mrs. Lucille Payne Evans, mother of the children for whom alimony is sought in this petition, was married to Ralph W. Evans' in September, 1921.
 

 “2. It is further admitted that said Lucille Payne Evans and Ralph W. Evans have never been divorced or separated by a judgment of court; that said Ralph W. Evans is.still alive; and, if put on the witness stand, would testify that he has resided in the City of New Orleans-during the past six months.
 

 “3. That the plaintiff, Lucille Payne Evans, and said children for whom alimony -is claimed in this suit have resided in the City of New Orleans for the past six months.
 

 “4. It is further admitted that these admissions are to be considered by the court as amending the petition filed by plaintiff herein.” Tr. p. 9.
 

 Mrs. Francis K. Roberson, the widow of William E. Roberson, deceased, excepted to plaintiff’s'petition on the ground that same disclosed no cause or right of'action. From a judgment maintaining this exception and dismissing plaintiff’s suit, she has appealed to this court.
 

 Accepting the well-pleaded facts set forth in plaintiff’s petition as true, for the purpose of disposing of the exception of no cause or right of action, it appears that the three children of plaintiff were born during the lifetime of her husband, Ralph W. Evans; that plaintiff has never been divorced or separated from him by a judgment of court; that plaintiff’s husband was still alive at the date of the institution of the present suit; and that plaintiff, her three children, and her husband have resided in the city of New Orleans for six months before the present suit was brought.
 

 In our opinion, the exception of no cause or right of action was properly maintained.
 

 
 *283
 
 Article 184 of the Civil Code declares that: “The law considers the husband of the mother as the father of all children conceived during the marriage.”
 

 After providing in the articles that follow the specific instances in which the husband may disavow the paternity of the child, it is declared in article 191 of the Code that: “In all the cases above enumerated, where the presumption of paternity ceases, the father, if he intends to-dispute the legitimacy of the child, must do it within one month, if he be in the place where the child is born, or within two months after his return, if he be absent at that time,, or within two months after the discovery of the fraud, if the birth of the child was concealed from him, or he shall be barred from making an objection to the legitimacy of such child.”
 

 It is also provided in article 192 of the Code that: “If the husband die without having made such objection, but before the expiration of the time directed by law, two months shall be granted to his heirs to contest the legitimacy of the child, to be counted from the time when the said child has taken possession of the estate of -the husband, or when the heirs shall have been disturbed by the child in their possession thereof.”
 

 The petition fails to allege that an action en désaveu was ever instituted by Ralph W. Evans, the husband of the mother of these minor children. Evans having remained silent, the presumption is that these children are the legitimate offspring of his marriage with plaintiff. Civ. Code, arts. 184-192, inclusive; McNeely v. McNeely, 47 La. Ann. 1322, 17 So. 928; Ezidore v. Cureau’s Heirs, 113 La. 839, 37 So. 773; Succession of Elynn, 161 La. 707, 109 So. 395. The declarations of the plaintiff, or of these children, cannot destroy this presumption, which can be rebutted only by a judgment obtained by the husband in an action en désaveu, brought for the .purpose of establishing the adulterous character of these children.
 

 The husband having failed to institute the action en désaveu, under the circumstances and within the period specified in article 191 of the Code, the right to assail the legitimacy of these children,* born during the marriage of plaintiff with Evans, became extinct and lapsed, and could be subsequently exercised by no one, as the presumption of paternity became absolute. Eloi v. Mader, 1 Rob. 581, 38 Am. Dec. 192; Dejol et al. v. E. Johnson, Administrator, 12 La. Ann. 853; Tate v. Penne, 7 Mart. (N. S.) 548; Vernon v. Vernon’s Heirs, 6 La. Ann. 242; Succession of Saloy, 44 La. Ann. 441, 10 So. 872; Succession of Braud, 170 La. 411, 417, 418, 127 So. 885.
 

 Judgment affirmed.