160 So. 783

## IDEAL SAVINGS & HOMESTEAD ASS'N v. SCOTT.

### No. 33198.

March 4, 1935.

Rehearing Denied April 1, 1935.

H. W. & H. M. Robinson, of New Orleans, for applicant.

F. Rivers Richardson, of New Orleans, for respondent.

ODOM, Justice.

This is an ejectment proceeding brought under section 2155 of the Revised Statutes as finally amended by Act No. 49 of 1918. Proceeding by rule, in the First city court of the city of New Orleans, plaintiff suggested to the court that it was the owner of and had leased to defendant that certain premises at No. 4634 Willow street in New Orleans; that defendant was occupying the house under a verbal lease; and that she had agreed to pay a monthly rental of $25 and was two months in arrears. Defendant was ordered to show cause on a day fixed why she should not deliver to plaintiff the said premises within the time prescribed by law.

Defendant in answer admitted that she was in possession of the premises, but denied that she was occupying the house as plaintiff's tenant for reasons which need not be stated. On July 18, 1934, judgment was rendered for plaintiff ordering the defendant to vacate the premises, and she appealed suspensively to the Court of Appeal.

While the appeal was pending, plaintiff sold the property under full warranty of title and without reservation to a third party. When the case was called up for hearing in the Court of Appeal, the defendant, through her counsel, filed a plea of estoppel alleging that since the appeal was lodged in the Court of Appeal, plaintiff had parted with title to the property involved, and filed a copy of the deed. Whereupon the court reversed the judgment appealed from, maintained the plea of estoppel, and entered judgment in favor of defendant dismissing the plaintiff's suit. A rehearing was refused and plaintiff applied for writs, which were granted. The ruling of the court is now before us for review.

Under the Constitution (Const. 1921, art. 7, § 91) appeals from the First city court of the city of New Orleans are triable de novo before one of the judges of the Court of Appeal for the parish of Orleans, and no reasons for the court's ruling need be assigned and none were assigned by the judge. We assume that the judge thought that plaintiff's action or suit abated by virtue of its sale of the property pending the appeal; that after the sale, plaintiff had no further interest in

the property or the suit and, having no further interest, had no standing in court.

■ Article 15 of the Code of Practice says that "an action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action," and this court has said repeatedly that one without a pecuniary interest has no judicial standing in the courts. In Quaker Realty Co. v. Labasse, 131 La. 996, 60 So. 661, 664, Ann. Cas. 1914A, 1073, the court said:

"The principle that one without pecuniary interest has no judicial standing runs all through our jurisprudence; it is founded upon simple plain common sense; it is formulated in article 15 of the Code of Practice."

Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358; Succession of Flynn, 161 La. 707, 109 So. 395. See numerous cases cited under article 15 of Marr's and Dart's Annotated Code of Practice.

■ The application of this principle would support the court's ruling in this case if the plaintiff, by divesting itself of title to the property pending the appeal, lost its interest in the lawsuit. But it did not. It sold the house under full warranty of title and thereby assumed the obligation of delivering it to its vendee. It could not deliver while defendant held physical possession of it. The purpose of the suit was to compel defendant to vacate the premises and restore possession to plaintiff, and so long as the question whether defendant should vacate remained undetermined, plaintiff retained a pecuniary interest in the suit which it had brought.

So far as we know, this identical point has not heretofore been before this court. But the rule prevails elsewhere that such actions do not abate upon the sale of the property pending the litigation.

"While it is the general rule that to support ejectment, plaintiff must have title and right of possession at the time of the trial, a conveyance of the premises in dispute by plaintiff pending the action is not a bar to his recovery." 19 C. J. 1080 (§ 76).

"The authorities are not in harmony upon the question whether the plaintiff in ejectment will defeat a recovery by a conveyance of his title subsequent to the commencement of the suit. By the weight of authority such conveyance does not defeat a recovery, as it can not affect the rights of the defendant, it being a pendente lite transaction, and the suit may be, and properly is in many jurisdictions, prosecuted to judgment in the name of the original plaintiff." 9 R. C. L. 840.

In Davis v. Curry, 85 Ala. 133, 4 So. 734, the court stated that the reason for the rule is that "the conveyance being made pending the adverse holding, is, as to the defendant, the same as if none had been made. It is void as to him. It confers no rights against him, and he can claim no benefits or defenses under it." Further on in the opinion the court said: "There is sound sense as well as justice in this rule. By the sale of property adversely held, the purchaser acquires no title which will maintain an action in his name against the adverse holder. If in such case suit cannot be maintained in the name of the vendor, no one can assert rights resting on his title, no matter how complete it may be."

For the reasons assigned, the judgment under review is reversed and it is now ordered that this case be remanded to the Court of Appeal, parish of Orleans, in order that said court may render such judgment on the merits as is warranted by the facts disclosed by the record.

O'NIELL, C. J., dissents.