SUCCESSION OF JOHN     *     NO. 2019-CA-0575
PHILLIP BARBEE, JR.

                      *     COURT OF APPEAL

                      *     FOURTH CIRCUIT

                      *     STATE OF LOUISIANA

            * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-05429, DIVISION "J"
Honorable D. Nicole Sheppard
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Roland L. Belsome,
Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

**BELSOME, J., CONCURS IN THE RESULT**

Christy M. Howley
M. Elizabeth Bowman
BOWMAN & HOWLEY
629 Lafayette Street
Gretna, LA 70053

       COUNSEL FOR PLAINTIFF/APPELLANT, ROSE BARBEE

Steven E. Hayes
CHEHARDY SHERMAN WILLIAMS
One Galleria Blvd.
Suite 1100
Metairie, LA 70001

       COUNSEL FOR PLAINTIFF/APPELLANT, SUCCESSION OF JOHN
       PHILLIP BARBEE, JR.

                              **REVERSED AND REMANDED**
                              **NOVEMBER 27, 2019**

This civil appeal arises from the trial court's decision to deny the probate of the last will and testament of decedent, John Phillip Barbee, Jr., as well as the denial of the judgment of possession. Although no party to the succession challenged the testament, the trial court, *sua sponte*, contested the validity of decedent's signature. Despite affidavits from decedent's attorney of more than ten (10) years, two (2) witnesses attesting to the testament at issue, the affirming testimony of decedent's spouse of more than twenty (20) years, and evidence that decedent frequently revised his last will and testament, the trial court insisted that decedent's signature looked different on two separate testaments, and therefore, denied Appellants' judgment of possession and order of probate. For the reasons that follow, we find that the trial court abused its discretion in taking said action. Accordingly, we reverse the ruling of the trial court and remand for further proceedings consistent with this opinion.

**FACTUAL BACKGROUND**

Plaintiff-Appellant, Rose Aleta Barbee, is the surviving spouse and heir to the succession of her deceased husband, John Phillip Barbee, Jr. ("decedent") Plaintiff-Appellant, Janet Lynn Barbee, (Rose Aleta Barbee and Janet Lynn Barbee hereinafter collectively "Appellants") is Mr. Barbee's daughter and, as provided in Mr. Barbee's testament, the independent executrix of the estate.

**PROCEDURAL HISTORY**

On June 1, 2018, an original petition for order of probate was filed in Civil District Court for the Parish of Orleans. Attached to the petition, was a purported last will and testament of decedent dated February 13, 2014. After filing this purported last will and testament, the attorney handling the succession, realized that an earlier last will and testament had been filed, as opposed to the latest and most recent will and testament, which was executed by decedent and dated October 20, 2016. As a result, on November 2, 2018, Appellants filed a "Petition for Order of Probate to Correct Clerical Error." Appellants also filed a petition to probate the October 20, 2016 last will and testament. Appellants requested that the trial court sign the order probating the latter testament and the judgment of possession. However, on February 4, 2019, the trial court denied relief for both pleadings, notwithstanding the fact that there had been no contest to decedent's testament. The trial court, *sua sponte*, believed that decedent's signatures on the two testaments "varied drastically." Appellants filed affidavits executed by decedent's attorney and the attesting witnesses to the 2016 testament, and also filed previous

2

testaments[1] to evince the similarity of decedent's signatures on each of the testaments. Despite the presentation of the various testaments, the trial court maintained its denial.

On February 11, 2019, Appellants filed a motion and order for new trial and to vacate denial of judgment; a hearing was held on April 1, 2019. On May 31, 2019, the trial court granted, in part, and denied, in part, Appellants' motion for new trial. Among other actions, the trial court ordered Appellants to deposit $150,000 into the registry of the court, and granted a partial judgment of possession. In its September 9, 2019 reasons for judgment,[2] the trial court explains that despite the fact that decedent's testament is uncontested by any party, the trial court "found that a purported signature of the decedent located on the first page of the testament varied drastically from previous wills as well as the signature on every other page of the same will," and for that reason, the trial court "finds the signature invalid" and refused to sign both the order of probate, as well as the judgment of possession. This appeal follows.

---

[1] Appellants attached testaments executed by decedent in the following years: 2003, 2004, 2007, 2010, 2011, 2013, 2014, and 2016.

[2] The Louisiana Supreme Court explained that "[a] judgment and reasons for judgment are two separate and distinct documents. La. C.C.P. art.1918. Appeals are taken from the judgment, not the written reasons for judgment." *Greater New Orleans Expressway Comm'n v. Olivier*, 2002-2795, p. 3 (La. 11/18/03); 860 So.2d 22, 24. This Court further explained that "[t]he written reasons for judgment are merely an explication of the trial court's determinations. *Dawson v. Gray & Gray*, 2018-0380, 9 (La. App. 4 Cir. 10/24/18); --- So.3d ----.

## DISCUSSION

### *Assignment of Error*

While Appellants raise as an assignment of error whether the trial court erred in denying, in part, the motion for a new trial and ordering Appellants to deposit $150,000 into the registry of the court, this appeal hinges on whether the trial court erred in challenging, *sua sponte*, the validity of decedent's signature, despite the testament being unchallenged by any party to the succession.

### *Standard of Review*

"[I]t is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of 'manifest error' or unless it is 'clearly wrong.'" *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989). However, "[w]here one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence." *Ferrell v. Fireman's Fund Ins. Co.,* 1994-1252, p. 7 (La. 2/20/95); 650 So.2d 742, 747. The Louisiana Supreme Court explained that "legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial" and thereby "materially affect the outcome and deprive a party of substantial rights." *Evans v. Lungrin*, 1997-0541, p. 7 (La. 2/6/98); 708 So.2d 731, 735 (citations omitted).

### *Notarial Testament*

At the hearing on the motion for a new trial, Appellants presented the trial court with decedent's 2016 notarial testament in accordance with the formalities set forth by La. C.C. arts. 1577-1580.1. Specifically, La. C.C. art. 1577 provides

> The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
>
> (1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
>
> (2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this __ day of ____, __."

*See In re Succession of Holbrook*, 2013-1181, pp. 3-4 (La. 1/28/14); 144 So.3d 845, 848. In the present case, decedent's testament met the requirements as spelled out by the aforementioned codal article. It was executed in the presence of a notary and two (2) competent witnesses; decedent's signature appeared on each page of his testament, as well as, at the end of his testament; and the attestation clause at the conclusion of the testament was typed and executed exactly as contemplated by La. C.C. art. 1577(2).

No party to the succession challenged the validity of decedent's testament. However, the trial court, *sua sponte*, challenged the validity of decedent's signature because it opined that decedent's signature varied; and for that reason,

5

the trial court refused to grant Appellants' order to probate and judgment of possession. Appellants assert that the trial court committed legal error in reaching this conclusion. In support of this argument, Appellants rely on *Succession of Squires*, 640 So.2d 813, 815 (La. App. 3rd Cir. 1994), which references *Succession of Guezuraga*, 512 So.2d 366 (La.1987), and provides "there were no allegations of fraud. Here the testimony of the notary and one of the witnesses is that they saw the testator initial the first page and sign his name to the last two pages. There is no evidence to the contrary. Clearly the decedent intended this to be his Last Will and Testament." Similarly, in the present case, in addition to the affidavits of decedent's attorney and the two (2) attesting witnesses, decedent's wife testified that the signature on the testament was, in fact, that of decedent and that he "had a variety of ways that he would write, and it would depend on how tired or irritated he was about who was asking for the signature." She further testified that she had "seen his signature look like this in the past" and that there was no reason for decedent's signature to have been forged.

Further in line with the jurisprudential presumption in favor of validity of testaments, La. C.C.P. art 2891 provides that "[a] notarial testament, a nuncupative testament by public act, and a statutory testament do not need to be proved. Upon production of the testament, the court *shall* order it filed and executed and this order shall have the effect of probate" (emphasis supplied). Based on the aforementioned alone, once presented with the notarial testament, the trial court, hearing no contest from the parties to the succession, was under a mandatory

obligation to probate it, and enter a judgment of possession in accordance with the mandates set forth in the testament.

Moreover, decedent's uncontested notarial testament was an authentic act as contemplated by La. C.C. art. 1833,[3] and "the very goal envisioned by authentic acts…is 'to prevent contestations concerning the proof or evidence' that the signatures are indeed those of the parties" was satisfied in this case. *Succession of Robin*, 2019-0405, p.8 (La. 10/22/19) (quoting *Acurio v. Acurio*, 2016-1395, p. 6 (La. 5/3/17), 224 So.3d 935, 939).

### *Uncontested Testament*

Appellants argue that there had been no contest to the validity or probate of decedent's testament other than that raised by the trial court, *sua sponte*, which was inappropriate; to that end, Appellant rely on *Succession of Flynn*, 161 La. 707, 709; 109 So. 395, 396 (1926), in which the Louisiana Supreme Court reasons

> 'an action can only be brought by one having a real and actual interest.' No one is permitted to question the right of another in respect to a certain subject-matter unless he has a legal interest therein himself. The province of the

---

[3] La. C.C. art. 1833 provides:

A. An authentic act is a writing executed before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed. The typed or hand-printed name of each person shall be placed in a legible form immediately beneath the signature of each person signing the act.

B. To be an authentic act, the writing need not be executed at one time or place, or before the same notary public or in the presence of the same witnesses, provided that each party who executes it does so before a notary public or other officer authorized to perform that function, and in the presence of two witnesses and each party, each witness, and each notary public signs it. The failure to include the typed or hand-printed name of each person signing the act shall not affect the validity or authenticity of the act.

C. If a party is unable or does not know how to sign his name, the notary public must cause him to affix his mark to the writing.

judiciary is to interpret the law and determine the controversy only where there is a real and actual issue in contest between the litigants.

Similarly, this Court, in *In re Succession of Duskin* explained "La. C.C.P. art. 681 states '[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.' Thus, one must have a justiciable interest in the succession proceeding in order to have standing to maintain an action to annul the testator's testament." 2014-0236, pp. 4-5 (La. App. 4 Cir. 11/19/14); 153 So.3d 567, 571-72; *In re Succession of Vickers,* 2004-0887, p. 12 (La. App. 4 Cir. 12/22/04), 891 So.2d 98, 106 (Love, J., concurring). Based on the aforementioned, the trial court lacked standing to challenge the validity or veracity of decedent's signature when there was no such challenge raised by any party. The trial court exceeded its role as a gatekeeper and an impartial referee to the proceeding when it inserted itself as an active participant by challenging the validity of decedent's signature despite no challenge from the parties to the succession.

Accordingly, we find Appellants' assignment of error meritorious and reverse the trial court.

**CONCLUSION**

For the aforementioned reasons, we find that the trial court committed legal error, and reverse the trial court's denial of Appellants' order to probate and judgment of possession. Further, we order that the testament of decedent dated October 20, 2016, be probated, the $150,000 deposited into the registry of the court

be returned to Appellants, and a judgment of possession be entered in accordance with the terms of decedent's testament dated October 20, 2016.

**REVERSED AND REMANDED**