## MURFF v. LOUISIANA HIGHWAY COMMISSION.
### No. 4834.

Court of Appeal of Louisiana. Second Circuit.

Nov. 2, 1934.

Lewis L. Morgan and E. R. Stoker, both of Baton Rouge, for appellant.

A. J. Murff and D. H. Perkins, both of Shreveport, for appellee.

TALIAFERRO, Judge.

This suit is an aftermath of the one between the same parties, decided by us in March, 1933, and reported in 146 So. 328. In that case the demands of plaintiff for damages for destruction of his 1930 cotton crop by overflow rainwater being impounded on his farm lands because of the inadequacy of drainage allowances through highway No. 80 were nonsuited. The nonsuit was predicated upon the erroneous theory of plaintiff that the measure of his right to damages was the value of the destroyed crop in a matured state. The only evidence offered by him was in support of this erroneous position. We held that this was not the correct rule in such a case, but that the true measure was the value of the growing crop at the time and place destroyed, and mentioned several elements that should properly be considered in the effort to arrive at such value, such as the annual renting value of the land, the cost of planting and cultivating to date of destruction, etc. Our former decree finally foreclosed the issue vel non of liability of defendant for the conditions that brought about destruction of the crops. We are now only concerned with the fixing of the amount of damages plaintiff is entitled to for the loss of the cotton crop.

Plaintiff alleged and proved that when his land was overflowed in May, 1930, he had prepared and planted seventy-five acres of his land to cotton, and a splendid stand had come up, of which acreage fifteen had been chopped out; that the cost of preparing the land for planting, planting seed, and cultivation, etc., to the time the land was inundated was as follows:

| | |
|---|---:|
| Labor, mules, mule feed, etc., preparing 75 acres for planting, at $2.75 per acre | $206.25 |
| To disking and planting 75 acres of land at $1.50 per acre | 102.50 |
| To cotton seed planted, 225 bushels, at $1.00 per bushel | 225.00 |
| To fertilizer from Ardis & Company, put on said land | 78.38 |
| To labor, mules and feed distributing same | 56.25 |
| To plowing and chopping 15 acres at $2.00 per acre | 30.00 |
| Total expense to date of overflow | $700.38 |

He further alleges that said land could be rented for $8 per acre annually, the six mules used to cultivate same for $25 each per year, and the farming implements used on the farm had a rental value of $40, making a total of $790.

He additionally alleged and proved that after the overflow receded from his lands, he endeavored to plant and produce a crop of cotton thereon, but made only seven bales, which sold for $400 less than the cost of production. He prays for judgment for $700.

Defendant denies all the allegations of fact relied upon by plaintiff to recover, and again raises the issue of its nonresponsibility for the accumulation of water that destroyed plaintiff's 1930 crop. To this last issue plaintiff interposed a plea of res judicata, which was promptly and properly sustained by the lower court. On the merits plaintiff was awarded judgment for $562.50. Defendant appealed. In this court plaintiff seeks increase in the judgment to the amount sued for.

The case was submitted without oral argument in this court at our June session. No brief had been filed by defendant to the time the case was submitted. On being advised that principal counsel of defendant was ill and that he desired to fully brief appellant's side of the case, the opportunity to do so was afforded by us carrying the case over to the present time. The brief filed by appellant's counsel does not discuss at all the sole question at issue, namely, the amount of damages to which plaintiff is entitled for the destruction of his 1930 cotton crop. This belated brief undertakes to revive the question of

defendant's liability vel non for the destruction of the crop. This position is contradictory of that taken in earlier brief filed by associate counsel, wherein it is conceded that the question of liability is open no longer to debate.

■■ There was no testimony offered to traverse that of plaintiff in his own behalf. He testified that when the young crop was destroyed, it was well worth more than $700. Its condition then indicated, so far as could be indicated, splendid returns on the expense incurred in developing it up to that time. Of course, no one could accurately foretell the effect the usual dangers to such a crop would have on its final fruition. That the crop when destroyed had a value of $700 and more is supported by the expense account, itemized above, testified to by plaintiff; and, if we take into consideration the rental value of the land, mules, and farming implements, we have further corroboration of plaintiff's contention and testimony that the crop was worth at least $700 when the overflow destroyed it. This is the true measure in such case. Boudreaux v. Thibodeaux et al., 149 La. 400, 89 So. 250.

For the reasons assigned, the judgment appealed from is increased to $700, and, as thus amended, it is affirmed, with costs.