**161 So. 21**

## MURFF v. LOUISIANA HIGHWAY COMMISSION.

### No. 33099.

April 1, 1935.

See, also, 180 La. 664, 157 So. 383.

Lewis L. Morgan, of Covington, and E. R. Stoker, of Baton Rouge, for appellant.

A. J. Murff and D. H. Perkins, both of Shreveport, for appellee.

O'NIELL, Chief Justice.

The defendant, Louisiana Highway Commission, has appealed from a judgment ordering the commission to enlarge the openings in the embankment over which route No. 80 crosses Cross bayou and Aligator bayou, in Bossier parish, so that the drainage of the plaintiff's land will not be impeded. The facts of the case are set forth in Murff v. Louisiana Highway Commission (La. App.) 146 So. 328, and Id. (La. App.) 157 So. 134, where the plaintiff in the present suit obtained a judgment against the highway commission, in the Court of Appeal for the Second Circuit, for damages for the destruction of his crops by the obstruction of the drainage. The facts are set forth also in Grounds v. Louisiana Highway Commission, 180 La. 670, 157 So. 385, where this court al-

lowed the plaintiff damages for the same cause of action.

The attorneys for the highway commission are not now disputing that the plaintiff is entitled to the relief which has been granted. The case was not argued orally for the highway commission. In the brief filed for the commission, the only complaint is that the commission cannot comply with the mandate of the court within the time prescribed, which is only sixty days from the date on which this decree will become final. It is said in the brief that the highway commission will comply with the mandate, and in fact is preparing, in conjunction with the bureau of public roads, to enlarge the openings for the flow of water where route No. 80 crosses Cross bayou and Aligator bayou, as well as where the route crosses Red chute and Mussel Shell bayou; and that the enlargement of these openings will be even greater than the mandate of the court calls for. But it is said that this work will be a federal aid project, and that the federal aid funds will not be available before the 1st day of July, 1935. It is not suggested that the mandate of the district court should be modified by extending the time in which the work shall be done. In fact, no such plea or defense was made in the district court. If it develops, or has developed since the judgment was rendered, that the mandate of the court cannot be complied with in the time allowed, the court will not undertake to compel the doing of something impossible. That issue, however, cannot be met unless and until it arises. In view of the decisions which have been rendered in the damage suits referred to, we have no doubt that the highway commission will re-

move the source of trouble as soon as possible.

The judgment is affirmed.