The judgment is correct, and is accordingly affirmed.

O'NIELL, C. J., absent.

168 So. 125

SCHWARTZENBURG v. LOUISIANA HIGHWAY COMMISSION.

No. 33299.

April 27, 1936.

Lewis L. Morgan and J. Elton Huckabay, both of Baton Rouge, for appellant.

Samuel Moreau, of Marksville, for appellee.

## HIGGINS, Justice.

This is a suit against the Louisiana highway commission for the sum of $1,250 for damages alleged to have resulted from the destruction of crops in 1933 and 1934 on the plaintiff's land, due to inundation said to have been caused by the demolishing of adequate drains and the installation of inadequate ones in their place. The plaintiff also prayed for judgment ordering and commanding the commission to install culverts at least three times as large as those presently existing.

The defendant filed an exception of no right or cause of action, which was referred to the merits. Reserving the benefit of the exceptions, it answered, denying that it was in any way guilty of negligence or carelessness in building the paved highway and averred that the inundation of the plaintiff's land was the result of excessive and unusual rainfall and the fact that it was a natural drainage reservoir for the contiguous and surrounding property.

There was judgment in favor of the plaintiff for the sum of $679.50, and the commission was ordered and "condemned to build and erect adequate culverts so as to take off all of the surplus water standing on the property of the plaintiff in a width not less than 15 feet intersecting highway No. 5 on the west side of the plaintiff's property."

The defendant appealed.

The exceptions of no right or cause of action are predicated on the fact that the petition states that the plaintiff's wife acquired with her separate and paraphernal funds, on February 20, 1932, the property in question; that he cultivated the property for the benefit of the community of acquets and gains existing between them; and that she died on April 6, 1934, leaving no children or heirs other than himself to inherit her estate. In his testimony, plaintiff admitted that his wife left brothers and sisters and that her succession was never opened. Counsel for the defendant renewed the exceptions of no right or cause of action in this court.

It is clear that the brothers and sisters, as collateral heirs of the deceased, who apparently died intestate, inherited her separate and paraphernal estate to the exclusion of the surviving spouse in community or plaintiff herein. See article 912, Rev.Civ.Code. Therefore, the plaintiff would not have any right to institute suit after her death for the purpose of having the highway commission ordered and directed to install larger drains under the highway, in order to protect the property, since he would not have any interest in or title to the land and had not been placed in possession or charge thereof. Article 15, Code Prac.; article 930 et seq., Rev. Civ.Code; Ideal Savings & Homestead

Ass'n v. Scott, 181 La. 978, 160 So. 783; Straub v. Healy, 164 La. 733, 114 So. 634; McWilliams v. Stair, 128 La. 752, 55 So. 343; Glenn v. West et al., 151 La. 522, 92 So. 43; In re Interdiction of Lambert, 115 La. 85, 38 So. 903; Succession of Allen, 44 La.Ann. 801, 11 So. 42.

■ As to plaintiff's right to assert his claim in behalf of the community of acquets and gains, which was dissolved at the death of his wife on April 6, 1934, it will be observed that the plaintiff is the owner, in his own right, of an undivided one-half interest to the claim, and inherited the other one-half of the claim to the exclusion of collateral relatives by virtue of the provisions of Act No. 160 of 1920.

We conclude that the exceptions of no right or cause of action were good as to the plaintiff's right to represent the property herein, but without merit as to the plaintiff's right to institute this suit and stand in judgment in connection with the claim for damages.

■ The law is clear that the highway commission would be liable for damages to a crop caused by flood waters resulting from blocking adequate drainage which existed prior to the construction of a new highway, when sufficient drainage was not installed in lieu thereof in connection with the improved road. Murff v. Louisiana Highway Commission, 182 La. 61, 161 So. 21.

■ There is no serious dispute that the property was flooded and the crops partially or totally destroyed as a result thereof. The suit is predicated upon article

2315, Rev.Civ.Code, which gives a right of action for damages caused by negligence and carelessness, which the defendant denies that it was guilty of herein.

The evidence shows that the 20 acres in question are lowlands, which are subject to inundation when there is heavy rainfall. The lands in that vicinity for more than a mile drain in the direction of this property. Originally there was an old dirt road with a 15-foot bridge, the opening under which served as a means of drainage in the locality of the property in question. In 1921 a gravel road was constructed under the supervision of the parish engineer, in lieu of the dirt road, and culverts were substituted in place of the open drain under the bridge. In 1931, the embankment of this road opposite the property was raised about 3 feet and the road hard-surfaced. Due to the fact that the shoulders were to be constructed adjacent to the hard-surfaced portion of the road, the concrete culverts placed therein in 1921 were extended to take care of this added width of the improved road. The ditches adjacent to the new road were widened and deepened for better drainage.

On February 20, 1932, the deceased purchased the property in question, with her separate and paraphernal funds, and plaintiff, as head and master of the community, in 1933 and 1934, attempted to raise a crop of cotton, corn, and sweet potatoes thereon. During heavy rainfalls the property was inundated and the crops partially or totally destroyed in 1933 and 1934.

The plaintiff's several witnesses who were neighbors in the vicinity of the prop-

erty admitted that the land was low and that after an ordinary rain certain portions of it became flooded, but testified that since the improved highway was installed, it was flooded to a greater extent than theretofore. Some of these witnesses stated that when the old dirt road was there, with the 15-foot bridge, the heavy rainfalls covered the road so that one driving in a horse and buggy thereon had to lift his feet from the floor of the vehicle to keep them from getting wet.

Plaintiff's witnesses were of the opinion that the raising of the embankment for the road and the failure to install larger culverts for drainage purposes caused the excessive flooding of the land.

Some of the defendant's witnesses described the property as prairie land and very low. It was their opinion that the flooding was caused by inadequate drainage generally, since this property formed a natural reservoir for the drainage of many acres of land in that vicinity.

The state highway engineer who recommended the construction of the road in 1931 testified that the drains presently existing had three times the capacity of certain old galvanized 18-inch culverts which the plaintiff's witnesses state formerly existed. He stated that from actual checking, the capacity of the concrete culvert in the vicinity of the property was adequate to take care of the water from the lands in proximity to the road, but that the drainage problem in this locality was a general one, since the bayou into which the water eventually drained was insufficient to carry it away fast enough.

The witnesses for the plaintiff do not say that this land was not subject to overflow before the concrete road was installed, but claim that the overflow is more pronounced since it was constructed. It appears that the officials of the parish, the commission, and the PWA have endeavored to remedy this condition but were unsuccessful.

The defendant introduced certain weather reports and the testimony of an engineer in connection therewith, to show that in 1933 and 1934 the rainfall during the time the property was flooded was extremely heavy, being more than 5 inches, over ordinary or normal times. One of the defendant's witnesses, a farmer, whose property was not located in this low section, testified that the rainfall was so heavy that he had to replant three times, and that other farmers in Avoyelles parish had the same experience.

From our analysis and study of the evidence, it appears to us that the preponderance of the evidence shows that the flooded condition of the property was due to the fact that it was lowland serving as a natural reservoir for waters coming from other lands for more than a mile in that vicinity and the unusually heavy rainfalls experienced during those times. It follows that the defendant was not at fault and therefore not liable.

For the reasons assigned, the judgment appealed from is annulled and set aside, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of the defendant, sustaining the exceptions of no right or cause of action as to

the demand to compel the Louisiana highway commission to construct a 15-foot concrete culvert, and that plaintiff's suit for damages be dismissed at his costs.

O'NIELL, C. J., absent.