GLADNEY, Judge.
This case for recovery of property damages was instituted against the defendant, Department of Highways, for alleged obstruction of natural drainage resulting in the inundating of plaintiff’s property. Following a trial on the merits, judgment favorable to the plaintiff was rendered and the defendant has appealed.
The petitioner, Henry M. Holley, alleged that through several deeds of acquisition, commencing in 1930 and as late as May 5, 1951, he acquired 5.62 acres of land situated in the northeast corner of Section 37, Township 12 North, Range 9 West, Red River Parish, Louisiana, which tract is triangular in shape with its western line adjoining U. S. Highway No. 71; that during September of 1950, he erected on said property a residence in which he still resided at the time of the institution of this suit, on September 16, 1955; that his house was constructed approximately 55 feet east of U. S. Highway No. 71, commonly referred to as the Bypass, due to the fact that it is a connecting link between U. S. Highway No. 71 and U. S. Highway No. 84; that the surface of the highway is several feet higher than the property on either side; that it bisects for a distance of one-fourth to one-half mile easterly and westerly of petitioner’s residence; that the area so traversed by the Bypass is a natural drainage basin for approximately 623 acres to the north of petitioner’s residence, the flow of water coursing from north to south; and that during the spring and fall of the years 1951, 1952, 1953 and 1954 petitioner’s land was flooded with water occasioned by heavy rains, and such inundation was caused by the negligent manner in which the highway was constructed, in that its drainage structures impeded the flow of the water draining from east to west under the highway. It was further charged that on those occasions the water stood on petitioner’s property from one to four hours; that it washed away petitioner’s gravel driveway on three occasions, caused his house to settle, rendered his soil unsuitable for raising flowers, covered his yard and the adjacent land with debris and an obnoxious scum, and depreciated the value of the land and residence, for which damages of $17,591.98 were sought.
The defendant, after filing numerous exceptions hereinafter referred to, answered the petition, generally denying its allegations and averring that an area consisting of portions of Sections 18 and 37, Township 12 North, Range 9 West, including the property of plaintiff, has been intermittently subjected to floods long prior to the construction of the Bypass; that existing natural drainage ditches and channels are and have always been inadequate for the purpose of draining that area; that the culverts and drainage structures installed along the Bypass are and have been fully adequate to secure proper drainage of rain water which reasonably would be expected to fall in a drainage area *910 served by the aforementioned drainage ditches and channels; that the Bypass has at no time actually impeded the flow of water in the natural drains; that the defendant has not been negligent either in the construction or maintenance of said highway; and that petitioner used improper judgment and was negligent in constructing his residence in an area which he knew, or should have known, to be subject to periodical inundations.
The principal issue presented is whether the plaintiff has properly established that damages were caused by the negligence of the defendant in obstructing natural drains during the construction and maintenance of the Bypass. It is incumbent upon plaintiff to establish by strong, clear and convincing proof that the alleged damages were caused by defendant’s installation of inadequate drainage structures along the highway. Jarnagin v. Louisiana Highway Commission, La.App., 2d Cir., 1942, 5 So.2d 660.
A large number of residents of the vicinity who were familiar with water conditions prevailing for many years, testified on behalf of the plaintiff. A careful reading of their testimony, we find, fails to show the openings in the highway have increased the burden of water affecting plaintiff’s property. Many of these witnesses stated that conditions were as bad or even worse prior to the installation of the drainage openings under the highway. The Bypass was constructed during 1935, and other than having the surface thereof raised some three inches it has not been substantially altered. Plaintiff has rested his case upon the testimony of his neighbors and friends and has not proffered expert engineering testimony for the purpose of proving his damages have been caused through the negligence of the defendant.
The defendant submitted, in addition to some lay testimony, the testimony of two of its engineers, Ben Barnes and Wayne H. Huckabay. Prior to trial Barnes made a careful study of the drainage conditions affecting plaintiff’s property. His finding's disclosed: a watershed lying north of plaintiff’s property, draining 623 acres, the northern portion of which is hilly, while the southern portion forms a natural basin in which the property of plaintiff is situated; that following heavy rains water flows southerly along the east and west sides of Highway No. 71, thence moves through a channel, crossing the area between the Bypass and U. S. Highway No. 84, and thence continues south into Bayou Nicholas, and finally reaches Red River; that the Bypass was constructed on the location of the natural drain that had carried water southward into Bayou Nicholas long before the highways were constructed; that on either side of the Bypass barrow pits and wide ditches were constructed which have improved the natural flow of water southward; that the quantity of water flowing southward in each of the ditches along the sides is approximately the same; that the culverts or drainage structures under the Bypass have an end area of 89 square feet consisting of two 48" culverts constructed in (4) 4x4 R. C. boxes; and that said openings surpass the requirements of a minimum of 69 and a maximum of 75 square feet of end area called for by Talbot’s engineering formula, which is predicated on a rainfall of four inches in one hour. It was Barnes’ opinion that the water was not impeded by reason of the existing openings under the Bypass, but that the water was held back due to natural conditions. These were, he said: the rapid fall of the water from the hills into the natural basin surrounding plaintiff’s property, which basin was not large enough to contain the water until its runoff through natural ditches and channels; that the flow of water could be improved by cleaning and straightening the drainage channel lying between U. S. Highway No. 71 and U. S. Highway No. 84; that the drainage channel and ditches below No. 84 which run into Bayou Nicholas are *911 likewise crooked and slow the water which finds its way there; that the slowing down of the water in the natural drains increases the height of the water above; and finally, that the water has been retarded because of the inadequate 36 inch culvert which plaintiff installed under his driveway.
The testimony of Barnes was fully corroborated by that of Wayne H. Huckabay, a civil engineer with many years of experience in highway construction. He testified that the conditions of which plaintiff complains are largely due to the insufficiency of the natural drainage channels to the south of the Bypass and that in order for plaintiff to secure relief the approximately 95 acre natural basin in which plaintiff’s property is situated would have to be properly ditched to permit water from the hills above to run off faster and more completely; and that correspondingly, the natural drainage ditches and channels south of the Bypass should be widened and straightened.
We conclude after consideration of the entire record that the testimony of the two above named engineers is sufficient to absolve the defendant from fault or negligence, and that, in fact, plaintiff’s problem is one that requires improvements to natural drainage channels. The flooding of plaintiff’s property, in our opinion, is not due to the insufficiency of openings in the drainage structures installed in U. S. Highway No. 71.
Defendant has filed exceptions relating to jurisdiction and the immunity of the defendant from suit, as well as exceptions of no cause and no right of action. The conclusion we have reached obviates the necessity of giving extensive consideration to the exceptions, although we confess we are not too strongly impressed with their merit.
It is our opinion that plaintiff’s loss was primarily due to conditions over which the defendant had no control. A case involving somewhat similar facts was decided adversely to the property owner by the Supreme Court in Schwartzenburg v. Louisiana Highway Commission, 1936, 184 La. 989, 168 So. 125.
Accordingly, the judgment from which appealed should be reversed, annulled and set aside, and it is now ordered that plaintiff’s demands be rejected at his cost.