CULPEPPER, Judge.
The plaintiff, Louis F. Trichel, has instituted this suit against the defendants, Louisiana State Highway Department and the Natchitoches Parish Police Jury, to recover flood damages to his house allegedly caused by the defendants’ improper maintenance of a state highway and a parish road. The plaintiff appeals from a judgment of the trial court rejecting his demands. We affirm.
The issue on appeal is whether the trial judge was clearly wrong in finding as a fact that the defendants did not cause the flooding of the plaintiff’s house.
*785 Plaintiff lives on the southeast corner of a “T” intersection where Louisiana Highway 480, which runs generally east and west, is joined by a Natchitoches Parish road, known as Parish Road 227, which runs generally north and south. The plaintiff has lived in this house since 1961, when he purchased the property. He testified he experienced no flooding in his house from 1961 to 1975. In the spring of 1975, the Natchitoches Parish Police Jury resurfaced Parish Road 227, raising the elevation of the road by approximately four inches. Thereafter, in May of 1975, the plaintiff’s house was flooded by rain water during a nighttime rain storm. The defendants then took steps to clear and open up ditches in the area and the plaintiff has not been flooded since that time.
The plaintiff instituted this suit on November 12, 1975, alleging that the flooding of his home was caused by the blacktopping of Parish Road 227 and improper maintenance of the drainage system under Louisiana Highway 480. The plaintiff contends that prior to the resurfacing of Parish Road 227, water would flow over the top of the road and that the resurfacing raised the elevation of the road by about four inches, which was sufficient to cause the plaintiff’s house to flood.
At trial, the court planned to view the property in question but was unable to do so due to inclement weather. The trial court then rendered judgment in favor of the plaintiff. The defendants timely moved for a new trial. After viewing the property in question, the trial court granted the defendants a new trial after which it reversed its prior holding and rendered judgment in favor of the defendants.
The duty of the State to properly maintain drainage systems under state highways was described in J. B. LaHaye Farms, Inc. v. La. Dept. of Highways, 377 So.2d 1286 (La.App. 3rd Cir. 1979), writ denied, 381 So.2d 1222 (La.1980) quoting Hortman v. Department of Highways, 265 So.2d 812 (La.App. 3rd Cir. 1972), writ refused, 267 So.2d 213 (La.1972), as follows:
“In the construction and maintenance of its highways, the Department of Highways has the duty to provide bridges, culverts or other works sufficient for natural or other existing drainage systems, and the department is liable for any damages caused by the blocking of such drainage. Grounds v. Louisiana Highway Commission, 180 La. 670, 157 So. 385; Schwartzenburg v. Louisiana Highway Commission, 184 La. 989, 168 So. 125; Connolly v. Louisiana Highway Commission, 177 La. 78, 147 So. 505. However, it is incumbent on the plaintiff to establish clearly that the damages were caused by the department’s failure to install adequate drainage structures along the highway, Holley v. State, 128 So.2d 908 (La. App.2d Cir. 1961) and Baird v. T. L. James & Company, 240 So.2d 428 (La. App.2d Cir. 1970).”
The trial court concluded that the plaintiff had not proved his damages were caused by the defendants’ actions.
The plaintiff contends the trial court erred in relying on the testimony of the State’s expert witness, William Jack, Jr., and disregarding the testimony of lay witnesses who saw the flooding occur. We disagree. Although the trier of fact is not bound by expert testimony, evidence of an expert witness is received in the same manner as evidence of non-experts, and is to be weighed by the trier of fact the same as any other evidence. Smith v. Andrepont, 378 So.2d 479 (La.App. 1st Cir. 1979), writ denied 380 So.2d 102 (La.1980); Galloway v. Gaspard, 340 So.2d 579 (La.App. 1st Cir. 1976); Matthews v. All American Assurance Company, 226 So.2d 181 (La.App.1969), writ denied, 254 La. 923, 228 So.2d 483 (La.1970). Moreover, the trial judge here personally viewed the scene.
In written reasons on rehearing, the trial judge states:
“It is now the finding of the Court that plaintiff’s house is located in a low spot, virtually surrounded by hills; that the natural drain of rain water is directly from the south, east and northeast into plaintiff’s backyard through and by a natural ditch commonly found at the bot *786 tom of hills in this country; that the plaintiff’s backyard is a basin which collects and holds water; that the natural elevated ridge located on the west portion of plaintiff’s property and which parallels the Parish road acts as a levee to hold water in the plaintiff’s backyard; that the blacktopping of the Natchitoches Parish Police Jury road and the condition of Louisiana Highway 480 had absolutely nothing to do with the flooding of plaintiff’s house.
“Particularly significant is the testimony of Mr. Jack, a hydraulogist, employed by the Louisiana Department of Transportation and Development. His testimony is accepted as being truthful in his engineering studies, which showed that there would have had to be 15 inches or 16 inches of water on the Parish road to reach the level of plaintiff’s concrete slab foundation. Mrs. Trichel testified that the water in the house was ‘knee deep.’ This would have meant another 12 inches to 18 inches of water in the house; meaning, a total of at least 27 inches or at the most 34 inches of water on the Parish road.
“The plaintiff has simply failed to prove by a preponderance of the evidence the necessary ingredients of his claim. This Court made a mistake in its original opinion and judgment.”
There is testimony the water was only a few inches over the parish road at the time plaintiff’s house flooded. This supports the finding the parish road could not have caused the water to enter plaintiff’s home.
It is the function of the trial court to weigh the evidence and make factual determinations from the evidence. An appellate court will not disturb a trial court’s findings of fact unless the record indicates that such findings are clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the entire record reveals that the decision of the trial court is not clearly wrong.
For the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
AFFIRMED.
LABORDE, J., dissented.