(blood transfusions) upon him, one about three weeks before his death and the other a few days before.

The executor placed them upon the account for $1,000; they opposed the account, and asked for an increase to $2,500, which the trial judge allowed. The testamentary executor of the widow in community (who had died pending the settlement of the succession) and the residuary legatee of the deceased have appealed.

The only evidence in the record touching the value of the services rendered is that of the two physicians, to the effect that their charge is reasonable and fair, considering the services rendered, and the standing and means of the deceased; that is, the usual charge in such cases.

The testimony of the opponents being uncontradicted and not inherently lacking in credibility, and their character and standing in the profession being unquestioned, we cannot see wherein the trial judge erred in accepting it as the measure of values for their services.

### Decree.

The judgment appealed from is therefore affirmed.

(118 So. 688)

No. 28615.

**WARNER v. LEWIS et al.**

Oct. 29, 1928.

Geo. Wesley Smith, of Rayville, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, and Stubbs & Thompson, of Monroe, for appellees.

O'NIELL, C. J. The plaintiff has appealed from a judgment dismissing his suit on an exception of no cause of action. It is a suit to annul a sheriff's sale. The facts alleged in the petition are as follows: The Ouachita National Bank brought suit by executory proceedings against the Louisiana Planting Company on a mortgage note for approximately $19,300, and the sheriff seized and offered for sale the mortgaged property, being a large tract of land in Ouachita parish. H. S. Warner, who is plaintiff in the present suit, bid $65,000 for the property, which was the last and highest bid. He and the sheriff went immediately into the latter's office, where Warner requested the sheriff to make out a deed and a return on the writ of seizure and sale, so that Warner's attorney might examine and approve them before Warner would pay the price. The sheriff demanded that Warner should first pay the amount of his bid, less

$28,000, which was the amount of the mortgages prior in rank to that of the Ouachita National Bank. Warner's attorney insisted upon seeing a deed for the property before he would advise Warner to comply with his bid, and Warner would not comply without the advice of his attorney so to do. The sheriff, under authority of article 689 of the Code of Practice, then returned to the front door of the courthouse and reoffered the property for sale; whereupon C. H. Lewis, the defendant in this suit, bid $30,000, which was the last and highest bid, and the property was sold to him. He paid the price and the sheriff gave him a deed, which was promptly recorded in the conveyance records. All of that occurred on Saturday afternoon. On the next following Monday morning Warner filed this suit to annul the sale which had been made to Lewis. The only cause alleged for demanding that the sale should be annulled is that there were mortgages on the property amounting to many thousands of dollars, subordinate in rank to the mortgage of the Ouachita National Bank, and that, as the plaintiff had the right to retain in his hands the surplus of the amount of his bid, over and above the amount due the Ouachita National Bank, the sheriff should have demanded of him only that amount, approximately $19,-300. It is alleged that a tender of that amount would have been futile because the sheriff was demanding approximately $37,000, or the difference between the amount of the bid, $65,000, and the amount of the senior mortgages, $28,000. It is virtually admitted in the plaintiff's petition that he did not express or indicate to the sheriff a willingness to comply with his bid, or complain that the amount demanded by the sheriff was excessive; for the plaintiff's only allegation in that respect is "that he could and would have paid the correct amount had that alone been demanded *and a satisfactory title presented.*" We have italicized the language which ex-

presses the only reason which the plaintiff alleges for his having failed to offer, or to indicate a willingness, to pay $19,300 in compliance with his bid.

■■ We agree with the district judge that the plaintiff's petition does not disclose a cause of action, for the simple reason that he does not allege or show that he suffered any loss by the act of sale which he seeks to annul, or that he has anything to gain by having the sale annulled. In order to set forth a cause of action, a plaintiff must disclose by the allegations of his petition that he has some actual interest in prosecuting the suit. Code of Practice, art. 15. The prayer of the petition in this case is simply that C. H. Lewis and the sheriff be cited and that, after due proceedings, judgment be rendered against them, annulling the sale made by the sheriff to Lewis. The plaintiff does not ask that a deed should be made to him for the amount of his bid, or aver even that he has any intention of complying with his bid, or of demanding hereafter that the sheriff make him a deed. He avers that he reserves the right hereafter to sue the sheriff for damages for his alleged illegal acts; but no damage or loss is alleged, or even suggested, for it is not alleged that the property was worth more than the amount of the plaintiff's bid; the only allegation in that respect being that the property "is worth over $50,000." The plaintiff does allege, as we have said, "that he could and would have paid the correct amount had that alone been demanded and a satisfactory title presented"; but he does not allege that he will pay the correct amount if the sale to C. H. Lewis is annulled, or that he is or will be satisfied with the title.

Another reason why this suit cannot be maintained is that the Ouachita National Bank and the Louisiana Planting Company, both of whom would be affected by an annulment of the sale which the sheriff made to C. H. Lewis, were not made parties defendant.

Inasmuch, however, as that omission might be more appropriately met by a plea of non-joinder of necessary parties, we prefer to rest our affirmance of the judgment appealed from on the proposition that the plaintiff's petition does not disclose that he has any interest in annulling the sale made by the sheriff to C. H. Lewis. The only relief which the plaintiff might have an interest in demanding, in a suit to annul the sale which the sheriff made to C. H. Lewis, would be that the sheriff be required to make a deed to the plaintiff for the amount of his bid.

The judgment is affirmed.

THOMPSON, J., recused.