ODOM, Justice.
 

 The Ritsch Alluvial Land Co., a Wisconsin corporation, brought suit in the Parish of Plaquemines, alleging that it was the owner of a large tract of land in that parish, which land, it is alleged, the Adema-Gravolet Realty Co., Inc., now possesses and claims to own.
 

 In its petition Ritsch Alluvial Land Co. set out its chain of title, as well as the chain of title under which defendant claims to own the land. According to the petition, one of the links in defendant’s chain of title is a tax- deed, dated July 11, 1931, made by the sheriff to Patrick M. Adema and Benjamin S. Gravolet, who, on February 23, 1934, sold the land to the defendant corporation. Plaintiff alleges that the tax deed to Adema and Gravolet is null, void, and of no effect, for reasons specifically set out, and that Adema and Gravolet acquired no title to the land by virtue of said tax sale, could convey none to the defendant corporation, and that therefore defendant has no title, although it has taken possession of the property and now claims to own it. Adema and Gravolet were made defendants and cited.
 

 Plaintiff prayed for judgment recognizing it to be the owner of the land, annulling and cancelling from the records the tax sale referred to, as well as the deed from Adema and Gravolet to the defendant corporation, and judgment ordering Adema, Gravolet and the corporation to account to plaintiff for all “furs, pelts, hides, animals, and all further fruits and revenues as have been taken and removed by them from said property during the period they have been in the possession thereof”.
 

 Defendants (relators here) filed answer in which they denied that plaintiff was the owner of the land. Subsequently, on October 12, 1937, they filed an exception which reads as follows:
 

 
 *205
 
 “Exception of Want of Interest
 

 “Come defendants, Patrick M. Adema, also known as P. M. Adema, Benjamin S. Gravolet, and the Adema-Gravolet Realty Co. Inc., and except that the Ritsch Alluvial Land Company, plaintiff in this suit, is without interest in the subject matter thereof and is, therefore, without right to prosecute this suit;
 

 “That this suit is a moot case because the plaintiff has no interest in the subject matter thereof and disposed of all interest it. ever had prior to the bringing of the suit.
 

 “Wherefore, exceptors pray that this suit be dismissed with costs.”
 

 No ruling appears to have been made on this exception. The case was finally set for trial, and thereafter, two days before the date set for trial, defendants, in order to support their motion to dismiss on the ground that plaintiff did not own the land and therefore had no actual interest in the lawsuit (Code of Practice, Article 15), presented to the judge a motion for a subpoena duces tecum, addressed to. John R. Perez, the attorney who filed the suit for plaintiff, ordering him to produce in court on the day of trial a certain written instrument which it is alleged he then held in his possession, which instrument was described as “An instrument in writing by which the Ritsch Alluvial Land Company, plaintiff in this cause, transferred and conveyed all of its title in and to the real estate involved in this cause, viz: Sections 19, 20, 21, 22, 27, 28, 29 & 30 Township 16 South Range 15 East, Plaquemines Parish, Louisiana.”
 

 Defendants in their motion alleged, and supported their allegations by affidavits, “That the production of said instrument into Court on the trial of this cause is necessary and material to the interests of defendants; that defendants intend to prove by said instrument that plaintiff, the Ritsch Alluvial Land Company, sold the property involved in this suit, prior to bringing this suit, and is without financial or actual interest in this cause and has no right to prosecute same.”
 

 The judge refused to order the issuance of the subpcena, without assigning reasons. He merely endorsed thereon “Refused July 19th, 1938, J. C. Meraux, Judge”.
 

 Whereupon, defendants applied to this court for writs of certiorari, mandamus and prohibition, which were granted.
 

 Judge Meraux, in response to the rule to show cause why he should not order the production of the instrument, said:
 

 “That your Respondent submits this matter on the record, the pleadings and the arguments of respective counsel in this matter, for the consideration and determination of this Honorable Court.
 

 “Wherefore, Respondent submits this matter to this Honorable Court for its consideration and determination and prays for costs and for general relief, etc.”
 

 The judge assigned no reason, and we can think of none, for his refusal to order Mr. Perez to produce the instrument described in the motion. The sole purpose ' of its production was to support defendants’ motion to dismiss the suit on
 
 *207
 
 the ground that plaintiff, having sold the land, had no interest in the suit. Article 15 of the Code of Practice says that “An action can only be brought by one having a real and actual interest which he pursues”. One who has no interest has no standing in court. Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358; Quaker Realty Co. v. Labasse, 131 La. 996, 60 So. 661, Ann.Cas.1914A, 1073; Ideal Savings & Homestead Ass’n v. Scott, 181 La. 978, 160 So. 783; Tichenor v. Tichenor’s Antiseptic Co., 180 La. 119, 156 So. 194; Schwartzenburg v. Louisiana Highway Commission, 184 La. 989, 168 So. 125, and numerous cases cited therein.
 

 If, as alleged by defendants, plaintiff had, previous, to the filing of this suit, sold the land involved, and if the instrument described in defendants’ application for the subpoena duces tecum would show that, the production of it would necessarily end the lawsuit, because, if the plaintiff corporation is not the owner of the land, it. has no standing in court to attack the title of defendants.
 

 Article 140 of the Code of Practice provides .that at the request of one of the parties the court may decree that the other party “bring into court, the books, papers, and other documents which are in his possession, and which are material in the cause, provided the party requesting their production declares in writing and on' oath, what are the facts He intends to establish by such books, papers or other documents”.
 

 Counsel for defendants declared in writing and on oath that they expected to prove by the introduction of the instrument which they described that plaintiff was not the owner of the land.
 

 Article 141 of the Code of Practice says that “Courts may also, at the request of either of the parties in a suit, order a third person, having in his possession papers, titles, acts, or documents, which may be important in the decision of a cause, to bring them into court on the day fixed for the trial”.
 

 The pleadings disclose that the instrument described in relators’ application for the subpoena has not been put of record, and counsel for respondent argues that because the instrument has not been recorded it has no effect as to third parties and therefore is not admissible in evidence. It is true, as counsel says, that contracts affecting immoyable property in this state which are not registered according to law are ineffective and not binding on third persons. But such instruments are binding, even though not recorded, ■ upon the parties to them. Article 2266 of the Revised Civil Code says that “All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void,
 
 except between the parties thereto”.
 
 (Italics are the writer’s.) If the plaintiff has sold the land, the subject matter of this litigation, and has evidenced the sale by a written instrument, it has divested itself of title even though the instrument has not been recorded. Therefore the fact that the instrument has not been recorded is not material, because the purpose of introducing it was not to establish title but to show want of title in the plaintiff.
 

 
 *209
 
 For the reasons assigned, the preliminary writ oí mandamus heretofore issued is now made peremptory, and accordingly the Honorable J. Claude Meraux, Judge of the District Court of the Parish of Plaque-mines, is commanded to order the issuance of the subpcena duces tecum as prayed for by relators.