## PEAVY WILSON LUMBER CO., Inc., v. COTTON.

### No. 5768.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1939.

Rehearing Denied March 31, 1939.

J. D. Rusca, of Natchitoches, and John B. Files, of Shreveport, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Plaintiff, asserting ownership of all of the timber on the southeast quarter of the northwest quarter of section 30, township 7 north, range 8 west, containing 40 acres, more or less, situated in Natchitoches Parish, procured the issuance of a temporary restraining order against defendant to prevent him from cutting and removing said timber, and sued out a rule on him to show cause why a preliminary injunction should not issue after hearing.

Defendant did not answer the rule. A preliminary injunction issued as prayed for. Defendant then answered. He denies that plaintiff is the owner of the timber remaining on said land. He admits that there is a deed of record, as alleged by plaintiff, conveying to it all of said timber, but avers that on or about November 1, 1934, plaintiff went upon said tract and cut and removed all of the "merchantable timber therefrom, which said act terminated their right to further claim said timber". Defendant further pleads that he purchased said land on February 7, 1938, from several named persons, whom he alleges to be the sole heirs of the patentee, and that his deed is recorded in Book 180, page 79 of the official records of Natchitoches Parish. He prays that the suit be dismissed with judgment in his favor for $50 damages as attorney's fee necessarily incurred by him on account of the wrongful issuance of the preliminary injunction.

On the issues tendered by these pleadings the case went to trial. Before defendant had concluded the offering of his evidence, his counsel tendered and filed exceptions of no cause of action and no right of action, in support and amplification of which it is averred,—"The plaintiff herein cut and removed all merchantable timber from this property during the year of 1933. But in the alternative, if and in the event they had any claim or interest in or to said timber, which is denied, it is shown that by notarial act on October 22, 1936, they executed a deed of said timber—there being no hardwood timber on it—to Weaver Bros. Lumber Co., photostatic copy of the original attached hereto for the sole and only purpose of showing that plaintiff has no right or cause of action;" to which he attached what purports to be a photostatic copy of the deed of the timber by plaintiff therein referred to. It had not then been recorded. It appears that the exception was at that juncture taken up for trial without objection. Exceptor introduced for the purpose of "showing res ipsom", said photostatic copy of the attached deed. Its admissibility was objected to on the ground that no testimony is admissible in support of an exception of no cause of action. The objection was overruled. The trial of the case on its merits was then resumed and concluded. There was judgment for defendant sustaining the "exception of no cause or right of action", dissolving the injunction, dismissing plaintiff's suit, and condemning it to pay to defendant $50 damages as attorney's fee. Plaintiff appealed devolutively from the dissolution of the injunction and suspensively from other parts of the judgment.

Appellee has filed here a motion to remand. It is alleged therein that plaintiff also, on October 22, 1936, by another' deed, transferred to the Weaver Bros. Lumber Company the hardwood timber on said land, and that both deeds were registered in Natchitoches Parish on September 28, 1938, after this appeal was perfected. The prayer of the motion is as follows: "Wherefore, appearer moves and prays this Honorable Court to remand this case for the purpose of defendant showing that the plaintiff in this case had on October 22, 1936 transferred by notarial act the timber on this land, which deeds were recorded Sept. 27, 1938, and had no interest whatever in the timber on February 19, 1938 (the date this suit was instituted). Prays further for all needful orders."

Plaintiff deraigned and proved title to the timber by the following instruments registered in Natchitoches Parish records, viz:

1. Patent from the United States to Taby Winn, dated September 16, 1909, conveying Southeast Quarter of Northwest Quarter of Section 30, Township 7 North, Range 8 West;

2. Taby Winn to J. D. Montgomery, conveying "all the timber standing and growing on" said land, with right of ingress and egress to remove same for 15 years from April 2, 1927, date of the deed;

3. J. D. Montgomery to plaintiff, conveying "all the timber of each and every kind standing and being situated" upon the said land, with 15 years to remove. This deed is dated April 5, 1927.

The photostatic copy of deed from plaintiff to Weaver Bros. Lumber Company attached to the exceptions is dated October 22, 1936. It conveys "all pine timber measuring twelve inches and above at the stump standing, lying and growing" on said tract of land and on many other tracts described therein.

This left plaintiff vested with title to all the pine timber and trees on the land, measuring less than twelve inches in diameter at the stump, and to all the hardwood thereon, if any, unless disposed of as alleged by appellee.

Defendant purchased the land on February 7, 1938, from several persons designating themselves as the heirs of Febby and Moss Winn. No reference is therein made to the prior sale of the timber.

The record discloses that in the years 1933 and 1934, there was cut and removed from this land, with plaintiff's permission, approximately 20,000 feet of pine timber. Defendant cut and removed therefrom about 50,000 feet, the major part of which was less than twelve inches in diameter at the stump. There remains thereon feetage estimated at 60,000. It is clear, therefore, that defendant's contention that plaintiff cut and removed from the land all the merchantable timber prior to his acquisition of it is wholly without merit.

Appellant here argues that the exceptions filed by defendant while the trial was in progress should not have been considered by the lower court and should not be considered by us for these reasons, viz: that the allegations thereof are contradictory of the allegations of the answer; that such

exceptions must be tried and disposed of on the face of the petition, without admitting any evidence whatsoever; that even though it be conceded that evidence is admissible on trial of such exceptions, defendant has not proved that plaintiff has divested itself of title to the timber involved because the purported deed by it, attached to the exceptions, is not self-proving, nor is it authenticated in any manner.

■ Counsel's position is correct as regards the exception of no cause of action. Its efficacy must be determined from the contents of the petition, with attached documents, if any, without evidence de hors. Not so with the exception of no right of action. Evidence may be admitted on trial of such an exception. Either exception may be filed and urged at any time prior to final judgment. Jones v. Shehee-Ford Wagon & Harness Co., 183 La. 293, 163 So. 129; Schmidt v. Conservative Homestead Ass'n, 181 La. 369, 159 So. 587; Soniat v. White, Tax Col., 153 La. 424, 96 So. 19.

Courts and attorneys have loosely referred to and dealt with these exceptions at times as though they were of the same nature and designed to accomplish the same result; and in some cases it has been said that the exceptions are triable only on the face of the petition,—no evidence being admissible by either side,—but such expressions are not entirely correct. The contrary is now well established by the jurisprudence so far as the exception of no right of action is concerned.

■ Plaintiff is without interest to judicially question the right of another to cut and remove such parts and portions of said timber, title to which, by its own acts, it no longer has. Code of Practice, article 15; State ex rel. Adema et al., v. Meraux, Judge, 191 La. 202, 184 So. 825, and cases therein cited.

The propriety of so doing addresses itself solely to its vendee or its assignee.

■ The present status of the record is such that we are not warranted in trying to adjudicate the primary issue in the case, viz: plaintiff's interest in or title to the timber described in its petition, if any it has. That issue should be disposed of by a single decree, and this may be satisfactorily done only after all evidence relevant thereto has been formally introduced before the court. ʻn order to accomplish this, the case will have to be remanded.

Therefore, for said reasons, the judgment appealed from is annulled and set aside, and this case is hereby remanded to the lower court for further proceedings, with the right of either or both sides to amend and to file additional pleas and exceptions; all in keeping with the views herein expressed.

Costs of appeal are assessed against plaintiff.