O’NIELL, Chief Justice.
 

 This is a suit to annul a tax sale. The suit was dismissed on an exception of want of interest, or of no right of action, as to one of the plaintiffs, Ritsch Alluvial Land Company, and on a plea of prescription as to the other plaintiff, Lenmark Lands, Inc. The plaintiffs are appealing from the decision.
 

 On July 11, 1931, the tract of land in contest, having an area of 4974 acres, owned by the -Ritsch - Alluvial Land Company, in Plaquemines Parish, was sold for delinquent taxes for the year 1930, to Patrick M. Adema and Benjamin S. Gravolet. The tax sale was recorded in Plaquemines Parish .on July 20, 1931. On February 23, 1934, Adema and Gravolet sold the land to a corporation named Adema-Gravolet Realty Company, Inc. That sale also was recorded promptly in the conveyance records of Plaquemines Parish.
 

 On June 29, 1934, the Ritsch Alluvial Land Company brought this suit against the Adema-Gravolet Realty Company, Inc., and Patrick M. Adema and Benjamin S. Gravolet, to annul the tax sale and to be adjudged the owner of the land. The defendants filed an exception of no cause or right of action. The judge referred the exception to the merits of the case. The defendants then, in December 1936, answered the suit; but, on October 10, 1937, before the case had come to trial, the defendants filed an exception of want of interest, or of no right of action, on the part of the plaintiff, Ritsch Alluvial Land Company. The exception was founded upon a discovery by the defendants that on March 12, 1934, the Ritsch Alluvial Land. Company had sold to a corporation named Lenmark Lands, Inc., by a quitclaim deed executed in Wisconsin and not recorded in Louisiana, all of the interest of the Ritsch Alluvial Land Company in the' land sued for. Soon after filing this exception the defendants asked for a writ of sub
 
 *680
 
 poena duces tecum to compel the plaintiff, Ritsch Alluvial Land Company, to produce the quitclaim deed by which the plaintiff had sold all of its interest in the land to the Lenmark Lands, Inc. The judge of the district court refused to grant the writ of subpoena duces tecum, and the defendants applied to this court for writs of certiorari and mandamus to compel the judge of the district court to grant the writ of subpoena duces tecum. After a hearing this court made the writ of mandamus peremptory, ordering the judge of the district court to issue the writ of subpoena duces tecum. State ex rel. Adema v. Meraux, Judge, 1938, 191 La. 202, 184 So. 825, 826. In the decision rendered by this court the law of the case was stated, thus:
 

 “Article 15 of the Code of Practice says that ‘An action can only be brought by one having a real and actual interest which he pursues.’ One who has no interest has no standing in court. Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358; Quaker Realty Co. v. Labasse, 131 La. 996, 60 So. 661, Ann.Cas.1914A, 1073; Ideal Savings & Homestead Ass’n v. Scott, 181 La. 978, 160 So. 783; Tichenor v. [Dr. G. H.] Tichenor’s Antiseptic Co., 180 La. 119, 156 So. 194; Schwartzenburg v. Louisiana Highway Commission, 184 La. 989, 168 So. 125, and numerous cases cited therein.
 

 “If, as alleged by defendants, plaintiff had, previous to the filing of this suit, sold the land involved, and if the instrument described in defendant’s application for the subpoena duces tecum would show that, the production of it would necessarily end the lawsuit, because, if the plaintiff corporation is not the owner of the land, it has no standing in court to attack the title of defendants.”
 

 Thereafter the plaintiff, Ritsch Alluvial Land Company, produced the quitclaim deed, and at the same time filed an amended petition, in which the Lenmark Lands, Inc., joined as a party plaintiff. The defendants then renewed their exception of want of interest, or of no right of action, on the part of the Ritsch Alluvial Land Company, and at the same time filed a plea of prescription of five years against the suit of the Lenmark Lands, Inc., under Section 11 of Article 10 of the Constitution, as amended.
 

 The judgment maintaining the exception of want of interest, or of no right of action, on the part of the Ritsch Alluvial Land Company, is founded upon the fact that the quitclaim deed by which the Ritsch Alluvial Land Company transferred all of its interest in the land to the Lenmark Lands, Inc., was made before this suit was filed by the Ritsch Alluvial Land Company —in fact, about three months before this suit was filed. The judgment maintaining the plea of prescription against the Len-mark Lands, Inc., is founded upon the fact that the Lenmark Lands, Inc., did not become a party to this suit until the five years had elapsed- — -in fact, until eight
 
 *682
 
 years had elapsed from the date of the recording of the tax sale.
 

 In the quitclaim deed by which the Ritsch Alluvial Land Company transferred all of its interest in the land to the Len-mark Lands, Inc., the Ritsch Alluvial Land Company declared that it did “grant, bargain, sell, convey, transfer, assign, set over, abandon and deliver and quit-claim, without any warranty whatsoever * * * unto the Lenmark Lands Inc., a Louisiana corporation, * * * the following described property: [Here follows a description by section numbers of the land in contest.] * * *
 

 Attached to the quitclaim deed and incorporated in it by reference is a copy of a resolution of the board of directors of the Ritsch Alluvial Land Company authorizing the transfer and declaring that the Lenmark Lands, Inc., should have “the right and permission of this Corporation [Ritsch Alluvial Land Company], should it ever become necessary, to commence, execute and prosecute in the. name of this Corporation any demands, legal action, in or out of court, and in the Parish, District, State or Courts of the State of Louisiana and or the Courts of the United States * * * relative to the above mentioned property * * It was stipulated also in the resolution that the Ritsch Alluvial Land Company, its officers, directors, and attorneys, should aid and assist the Len-mark Lands, Inc., in respect to the above provisions, but “with the full understanding that in doing so no responsibility and or expense shall attach to them and or it [Ritsch Alluvial Land Company] in any manner whatsoever.”
 

 The plaintiffs urge that the jurisprudence of this court has subjected Article 15 of the Code of Practice to two exceptions. Neither of these exceptions, however, is pertinent to this case. One group of the cases cited holds that where the legal title to property is in one party, and the equitable title in another, the holder of the legal title only may bring suit to establish his right. Smith v. Atlas Steam Cordage Co., 1889, 41 La.Ann. 1, 5 So. 413; Viguerie v. Hall, 1901, 107 La. 767, 31 So. 1019; Griffith v. Keller, 1920, 147 La. 540, 85 So. 233; Hunter v. Chicago Lumber & Coal Co., 1924, 156 La. 19, 100 So. 35. In the case before us, the Ritsch Alluvial Land Company divested itself of “all the rights, titles and interests of any kind and or character” that it had in the property, and did so “without any warranty whatsoever.” The cases cited, therefore, are not pertinent to this case.
 

 The second exception to the rule stated in Article 15 is that an assignor of a right may bring an action for the “use” or “benefit” of the assignee. Ruddock Cypress Co. v. Peyret, 1904, 111 La. 1019, 36 So. 105; see McMahon, Parties Litigant in Louisiana, 10 Tulane L. Rev. 489, 516 (1936). In the Ruddock Cypress Co. Case the petition of the assignor disclosed the real nature of its interest and declared, that
 
 *684
 
 the ■ action was being brought for the benefit' of its assignee. If the petition of the Ritsch Alluvial Land Company in the case before us had shown that it was acting for the benefit of its vendee, pursuant to a contractual obligation, we would not hesitate to uphold the right of action. But there is no indication in the petition that the suit was brought for the use or benefit of the Lenmark Lands, Inc., or for the use or benefit of any party other than the Ritsch Alluvial Land Company.
 

 The case of Towne v. Couch, 1852, 7 La. Ann. 93, cited in plaintiffs’ brief, is distinguishable from the case before us now, in that the assignment of the chose in action in the Towne case was made after the suit had commenced and with the express agreement that the suit should go on in the name of the original plaintiff for the benefit of the assignee.
 

 The plaintiffs urge finally that since the Ritsch Alluvial Land Company had obligated itself by contract to permit the Lenmark Lands, Inc., to use the name of the Ritsch Alluvial Land Company in prosecuting any suit relative to the land involved in the sale, the Ritsch Alluvial Land Company thereby had a sufficient interest in the litigation to satisfy the requirements of Article 15 of the Code of Practice. We do not see any merit in tiffs argument. If the Ritsch Alluvial Land Company had refused to permit the use of its name by the Lenmark Lands, Inc., the Ritsch Alluvial Land Company thereby would have violated its contractual obligation ; but the mere passive action required of the Ritsch Alluvial Land Company by the contract, i. e., to permit its name to be used by Lenmark Lands, Inc., did not create in the Ritsch Alluvial Land Company an interest in the subject matter of the litigation. To sustain this contention of the plaintiffs would render Article 15 of the Code of Practice meaningless.
 

 Inasmuch as the exception of want of interest, or no right of action, was well founded, it follows that the Ritsch Alluvial Land Company is not, and never was, a proper party plaintiff. As to the Lenmark Lands, Inc., we conclude that the amended petition, filed in 1939, by which that corporation became a plaintiff, did not have a retroactive effect, or relate back to the time of filing of the original petition by the Ritsch Alluvial Land Company.
 

 Inasmuch as the Ritsch Alluvial Land Company had no interest in the subject matter of the suit, and hence no right of action, according to Article 15 of the Code of Practice, the suit brought by that company could not interrupt the prescription of five years, which was running against the party having the right of action, namely, the Lenmark Lands, Inc. As the supplemental petition in which the Lenmark Lands, Inc., first became a party to the suit was filed more than five years after the recording of the tax sale, it came too late to interrupt the prescription.
 

 
 *686
 
 Included in the land in controversy ;is one section in regard to which the plaintiffs have alleged prior payment of the taxes as their cause of action. Since the 'five-years prescription provided in the ■Constitution expressly excepts suits based upon this ground, the judge of the district -court properly reserved to the Lenmark Lands, Inc., the right to bring another suit ■-to annul the tax sale of that section of land. Neither party to this suit has urged .any error in that part of the judgment.
 

 The judgment appealed from is affirmed .at the cost of the appellants.