On Application for Rehearing
PER CURIAM.
In an application for a rehearing de* fendants contend thát the original opinion of this Court has abolished the use of thi' exception of want of interest or no righl of action in petitory suits in spite of tha fact that Article 15 of the Code of Practice, by its clear terms, pertains to all civil actions. And it is further asserted that our decision disregards and overrules, by indirection, our prior holding in State ex rel. Adema v. Meraux, 191 La. 202, 184 So. 825 and Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753. The particular language of our opinion which counsel say constitutes this deviation is the statement that "Their (plaintiffs’) right to institute this petitory action, under the facts alleged in their petition, cannot be defeated by way of an exception of no right of action”. (Italics and words in parenthesis ours.)
We find no merit in this complaint. The assailed statement, being predicated on plaintiffs’ claim that they have acquired title to the land in contest by the 30-year prescription, was proper as it is difficult to perceive why plaintiffs have no interest in litigating this claim of ownership merely because one of them compromised and quit-claimed to defendants his interest in most of the land some 16 years before filing suit and the other has allegedly judicially admitted that he was not holding as owneri These are purely factors which tend to defeat the action and, particularly so, the *713 contention that Pertuit is judicially es-topped from claiming title to the land.
This case is clearly distinguishable from the Ritsch Alluvial Land Co. case, which was before us on two occasions. In that matter, the exception was based on the fact that plaintiff had sold the land involved to its co-plaintiff, a corporation named Lenmark Lands, Inc. Therefore, defendant was entitled to assert, in limine litis, that plaintiff was without interest in litigating with him the issue of title. But, if the claim of defendant would have been that he had purchased the property from plaintiff, he would have had no right to have had the legality of such sale determined in advance of trial on the merits and on an exception of want of interest for, in such an instance, there is no good reason why the validity of the claim should not be disposed of on the merits with all other issues in the case. In addition, under the last mentioned circumstance, it can hardly be said that the plaintiff is without interest in suing as it must be assumed that he is prepared to litigate the validity of his asserted transfer to defendant, which he cannot and is not entitled to do when it is shown (as in the Ritsch Alluvial Land Co. case) that he has sold the property to a third person.
The application for a rehearing is refused.