ON APPLICATION FOR REHEARING
PER CURIAM.
In a joint application for a rehearing, plaintiff Chrysler Corporation, and intervenor, United States of America, are still contending that, under our decision in Bel Oil Corporation v. Fontenot, 238 La. 1002, 117 So.2d 571, Chrysler has a real and actual interest to recover the taxes it paid under protest despite the fact that it has been fully reimbursed by the United States, government for the taxes it paid the City of New Orleans. In view of the earnestness of their industrious counsel, we have reexamined our opinion in Bel Oil Corporation v. Fontenot and conclude that it is without application to this case.
In that matter, Bel Oil and Calcasieu Paper Company, Inc. brought suit to re *515 cover gas gathering taxes assessed against Bel Oil, which'were paid by Bel under protest, contending that the statute under which the tax was levied was unconstitutional. The defendant, Collector of Revenue, filed an exception of no right of action to the claim of Calcasieu Paper Company and this exception was sustained by the district judge on the ground that Calcasieu, notwithstanding its reimbursement of Bel for the taxes assessed against the latter, was not the taxpayer and, therefore, had no right to proceed against the Collector for taxes paid by Bel. Bel’s right of action to maintain, the suit was not even questioned nor was it an issue in the case, either in the lower court or on appeal.[1] Consequently, the decision in that case cannot be regarded as authority for Chrysler’s position in the instant suit, i. e., that its re’-: imbursement by the Federal government for all taxes it paid to the city prior to the institution of this suit for a refund did not divest, it of the right of action it normally would have had but for such reimbursement.
Indeed, the position of Chrysler in this case is indistinguishable in principle from that of plaintiff, Ritsch Alluvial Land Company, in Ritsch Alluvial Land Co. et al. v. Adema et al., 211 La. 675, 30 So. 2d 753. In that matter, Ritsch and its vendee, Lenmark Lands, Inc., brought suit against the defendants to annul a tax sale of certain real property to the defendants in the year 1930 while Ritsch was the owner thereof. Before the suit was brought, however, Ritsch quitclaimed the land to the other plaintiff, Lenmark Lands, • Inc. and agreed in the act of conveyance that, should it ever become necessary to prosecute any legal action with respect to the property conveyed, such legal action could, be instituted in its name by its vendee. The defendants filed an exception of no right of, action to the petition of Ritsch claiming that it was without interest to maintain and. prosecute the suit. This exception was sustained below, the judge holding that' Ritsch had no interest in the litigation which would satisfy the requirements of Article' 15 of the Code of Practice. In affirming this ruling on appeal the Court, in an opinion by the late Chief Justice O’Niell, stated :
“If the ■ Ritsch Alluvial Land Company had refused to permit the use of *517 its name by the Lenmark Lands, Inc., the Ritsch Alluvial Land Company thereby would have .violated its cpntractual obligation; but the mere passive action required of the Ritsch Alluvial Company by the contract, i. e., to permit its name to be used by Lenmark Lands, Inc., did not create in the Ritsch Alluvial Land Company an interest in the subject matter of the litigation. To sustain this contention of the plaintiffs would render Article 15 of the Code of Practice meaningless.”
So, in the case at bar, the circumstance that Chrysler agreed with the United States to prosecute this suit does not vest it with an interest in the litigation—for, having already been reimbursed for the taxes it had paid under protest and having agreed that any amount recovered by it would be turned over to the United States, it had nothing to recoup by the suit nor does its failure to recover affect it adversely in any manner.
We have examined the other contentions raised by applicants in their petition and find no merit in them.
The application for a rehearing is refused.
HAMITER and SUMMERS, JJ., dissented from the refusal to grant a rehearing.

. In our original opinion in this matter it was inadvertently stated that, in the Bel case, this Court “ * * * maintained Bel’s right to bring' suit for a refund * * * And we further attempted to distinguish the Bel case, erroneously we now. think, ,on the premise that, since the '' Ófdináncé in- this'' case ' imposed the use tax on the owner of the property, which was the United States and not Chrysler, the cases were different. Actually, the Bel ease is inapplicable here because Bel’s right to maintain' the action was never questioned nor passed on. (See also Bel Oil Corporation v. Roland, 242 Ra. 498, 137 So.2d 308. j