152 So.2d 599 (1962)
Marie Baucum SCOTT, Plaintiff-Appellant,
v.
HUNT OIL COMPANY et al., Defendants-Appellees.
No. 9820.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1962.
On Rehearing April 1, 1963.
*601 Marie Baucum Scott, in pro. per.
J. R. Goff, John S. Hunt, Shreveport, for Hunt Oil Co. and Haroldson L. Hunt, Jr., Trust Estate, defendants-appellees.
Armand A. Gutierrez, Arthur Aitkens, Shreveport, for Placid Oil Co., defendantappellee.
Blanchard, Goldstein, Walker & O'Quinn, Shreveport, for General American Oil Co. of Texas, defendant-appellee.
Before HARDY, AYRES and BOLIN, JJ.
AYRES, Judge.
Plaintiff claims the ownership of an undivided 1/32 mineral interest in a certaindescribed tract of land in Claiborne Parish. She seeks a judgment recognizing her interest, and prays for an accounting of her alleged interest in all the oil, gas, and minerals produced from certain wells located upon adjacent property.
Made defendants are Hunt Oil Company, Placid Oil Company, General American Oil Company of Texas, and Haroldson L. Hunt, Jr., Trust Estate.
To plaintiff's petition, exceptions of no cause and of no right of action were filed and urged by all defendants. The exceptions are predicated upon the premise that plaintiff does not claim any mineral interest in the property upon which a well has been drilled and from which production is had, and that her mineral interest on properties adjacent to production has prescribed; and that since she has neither executed any lease held by the defendants, nor joined in any pooling and unitization agreement, she is not entitled to any rights or privileges flowing therefrom.
In addition, defendant, Hunt Oil Company, filed a motion to strike certain allegations from plaintiff's petition as being immaterial, argumentative, redundant, and insufficient, and predicated wholly upon evidence not admissible.
*602 The exceptions of no cause and of no right of action and the motion to strike were sustained. Plaintiff's suit was accordingly dismissed with prejudice. From that judgment, she prosecutes a devolutive appeal.
A determination of the question as to whether plaintiff's alleged mineral interest has or has not prescribed is unnecessary to a resolution of the issues presented by the exceptions. It suffices to say that plaintiff does not claim to own any mineral interest in the lands from which production of either oil or gas has been obtained. In the absence of some contractual relationship with the defendants, such as lessor or as a party to a voluntary pooling and unitization agreement, and in the absence of a forced unit created by orders of the Commissioner of Conservation, including property in which plaintiff has an interest, she could have no interest in production from property in which she claims no interest. That a forced unit has not been formed is affirmatively shown by the allegations of plaintiff's petition. The nonexistence of any contractual relationship between plaintiff and any of the defendants is likewise confirmed by her affirmative allegations.
As was stated in Dobbins v. Hodges, 208 La. 143, 23 So.2d 26, 29,
"* * * when parties agree to unitize and integrate an entire tract of land, composed of contiguous or noncontiguous tracts, and provide for the payment of royalties in proportions according to the acreage and interest owned, the contract of the parties must govern."
Thus, parties may contract relative to the development of their properties and the sharing of production obtained from their several tracts. Such a contract would be the law between the parties.
The right of an owner of an adjacent estate to share in production obtained on a neighboring tract, in the absence of forced unitization, must be based upon a contractual relationship between the parties, who may, by such a contract, provide that a portion of the oil produced be deemed to have been produced from such adjacent property. No claim is made, as heretofore pointed out, that production has been obtained from a well physically located upon any property in which plaintiff claims a mineral interest. Nor, as already observed, does plaintiff claim to have any contractual relationship with any of the defendants as to the sharing of production from other lands.
Hence, plaintiff is obviously without a right to share production from adjacent property in which she claims no interest, and is, therefore, without right or interest in the subject matter of this action.
It is a fundamental rule that one who had no interest has no right or standing in court. State ex rel. Adema v. Meraux, 191 La. 202, 184 So. 825; Johnston v. City of New Orleans, 234 La. 697, 101 So.2d 206. This rule is predicated upon the statutory requirement that
"* * * an action can be brought only by a person having a real and actual interest which he asserts." LSA-C.C.P. Art. 681. Thus, the want of interest is amenable to an exception of no right of action. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375.
Under the aforesaid state of facts affirmatively appearing from the allegations of plaintiff's petition, she has no right to share in the production of oil, gas, or other minerals from property or lands in which she claims no interest. Additional allegations could not serve to state a cause of action where none exists. Hence, dismissal of plaintiff's action with prejudice was proper.
With reference to the motion to strike certain paragraphs from plaintiff's petition, our examination of those allegations confirms the correctness of the action taken by the trial court. No error in that regard *603 has been pointed out; nor do we find any error.
While a layman has the legal right to appear in court in proper person to prosecute or defend any action in which he is personally interested, no such right is extended to the representation of others. Hence, plaintiff's purported representation of third parties was wholly unauthorized.
We may, nevertheless, observe that the rights of such third parties are identical to that of the plaintiff, Marie Baucum Scott. Therefore, for the reasons hereinabove assigned, the petition, so far as it is applicable to them, does not disclose a cause of action.
For the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant's cost.
Affirmed.

On Rehearing
AYRES, Judge.
The action of this court, upholding the action of the trial court in sustaining exceptions of no cause of action, was predicated upon the premise that the oil wells in which plaintiff asserted an interest in ownership, and from the production of which she sought an accounting, were not located upon property in which she claimed a mineral interest, nor upon property contained in a unit with which her property was pooled or unitized. So far as the opinion and decree relate to this premise, we adhere to our former opinion.
However, in an application for a rehearing, it was pointed out that it was also alleged that, among the oil wells concerned, a well designated as Leroy Ware No. 1 was drilled upon property in which plaintiff claims a mineral interest; that said well was placed in production on May 5, 1950, since when production has continued; that, pursuant to a lease under date of June 5, 1945, executed by Leroy Ware to the defendant, Hunt Oil Company, the latter drilled the aforesaid well. It may be appropriate, however, to observe that plaintiff contends the aforesaid lease is ineffective so far as her mineral interest is concerned for the reason that, at the time the lease was executed, her aforesaid mineral interest was then and now outstanding in her name and ownership (unleased).
Whether plaintiff has a mineral interest in the lands upon which the aforesaid well was drilled and an interest in the minerals produced therefrom, or some lesser interest therein such as in the nature of a royalty, are matters not now before us. Consideration of these matters could only be given on a trial of the merits of the case.
In evaluating the allegations of fact of plaintiff's petition, the truth of which must be accepted on the trial of an exception of no cause of action, there are certain basic legal principles by which we must be governed. For instance, the fruits produced by a thing belong to its owner although they may have been produced by the work and labor of a third person. LSA-C.C. Art. 501. Royalty, under a mineral lease, is rent in the form of a portion of the produce of the land. Logan v. State Gravel Co., 158 La. 105, 103 So. 526; Milling v. Collector of Revenue, 220 La. 773, 57 So.2d 679. In claiming the fruits produced by a thing, or the minerals or royalty produced from land, the owner is obligated to reimburse a third person whose work and labor produced such fruits, minerals, or royalty, the expenses incurred by such third person. LSA-C.C. Art. 501; Martel v. Jennings-Heywood Oil Syndicate, 114 La. 351, 38 So. 253; Allies Oil Co. v. Ayers, 152 La. 19, 92 So. 720; Connette v. Wright, 154 La. 1081, 98 So. 674; Martel v. Hunt, 195 La. 701, 197 So. 402, 408; Huckabay v. Texas Company, 227 La. 191, 78 So.2d 829.
Thus, where a co-owner or a colessee has explored and developed an oil or gas field without the concurrence or assistance of the other, the former is bound to account to the other for his proportionate share of the proceeds, less a proportionate *604 share of the expenses. The right of an owner, however, to refrain from exercising his right of ownership is absolute. LSA-C.C. Arts. 491, 496. Nevertheless, he may not enjoy the profits without participating in the expenses incurred in producing those profits. To permit him to do so would violate the moral maxim of the law that no one ought to enrich himself at the expense of another. Huckabay v. Texas Company, supra.
We conclude, therefore, that plaintiff's petition, under the allegations to which we have referred, discloses a cause of action against the defendant, Hunt Oil Company, a third person who has and is allegedly producing oil, gas, and other minerals from lands upon which plaintiff claims an interest. The allegations to which we have referred and other appropriate allegations of plaintiff's petition are, in our opinion, sufficient for the introduction of proof on the question of plaintiff's asserted mineral ownership in the lands described in her petition, or to some lesser interest therein, and, if established, to entitle her to an accounting for the oil, gas, and minerals produced from said lands.
The defendant, General American Oil Company of Texas, is alleged to have acquired the leasehold rights of the Hunt Oil Company in and to a described 40-acre tract of the lands in which plaintiff claims a mineral interest and which acreage allegedly comprises a portion of a voluntary unit of 160 acres from which production began on January 10, 1954. Production, however, is not alleged to have been obtained from the land in which plaintiff claims a mineral interest. Nor does plaintiff claim that she was a party to the voluntary drilling unither allegations are that she was not a party to such an arrangement.
The defendant, Placid Oil Company, is the alleged purchaser of production from another voluntary unit comprising 160 acres. In the formation of this unit, plaintiff also asserts she was not a party. The production from this unit is not upon lands in which she claims a mineral interest.
The defendant, Haroldson L. Hunt, Jr., Trust Estate, is the alleged lessee under a lease executed by plaintiff's mother and five of her brothers and sisters, to which she was not a party and in which, of course, she has no interest. Without interest, she is without a cause or right of action to seek a cancellation of the lease.
On the aforesaid bases, our original opinion and decree are fully applicable, under the allegations of plaintiff's petition to these three latter defendants. However, our original decree, sustaining an exception of no cause of action urged by the defendant, Hunt Oil Company, by means of a motion to strike, followed by a formal exception of no cause of action filed in this court, is erroneous.
Therefore, the judgment appealed, sustaining the exception filed on behalf of the defendant, Hunt Oil Company, is annulled, avoided, reversed, and set aside, and the exception of no cause and of no right of action filed and urged on its behalf is now overruled.
Our original decree, affirming the judgment of the trial court sustaining an exception of no cause of action on behalf of the defendants, General American Oil Company of Texas, Placid Oil Company, and Haroldson L. Hunt, Jr., Trust Estate, is reinstated and made the final judgment of this court; and,
Accordingly, this cause, as between the plaintiff and the defendant, Hunt Oil Company, be, and it is hereby, remanded to the Honorable, the Second Judicial District Court in and for Claiborne Parish, Louisiana, for further proceedings in accordance with law and consistent with the views hereinabove expressed.
The defendant, Hunt Oil Company, is cast with the cost of this appeal, the assessment of all other costs to await final judgment.
Affirmed in part, reversed in part, and remanded.