160 So.2d 237 (1964)
Marie Baucum SCOTT, Plaintiff-Appellant,
v.
Leroy WARE and Hunt Oil Company, Defendants-Appellees.
No. 10083.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1964.
Rehearing Denied February 13, 1964.
*239 Marie Baucum Scott, in pro. per.
Goff & Caskey, Arcadia, for Leroy Ware, defendant-appellee.
John S. Hunt, Monroe, for Hunt Oil Co., defendant-appellee.
Before HARDY, GLADNEY, and AYRES, JJ.
AYRES, Judge.
In this action, plaintiff asserts ownership of an undivided 1/32 interest in the minerals underlying a described 1182-acre tract of land in Claiborne Parish, Louisiana.
As against the defendant Hunt Oil Company, plaintiff's primary demands are for an accounting of her alleged interest in all the oil, gas, and other minerals produced from the lands in which she claims a mineral interest, as well as for asserted damages. As against both defendants, plaintiff seeks the cancellation of a lease from defendant Leroy Ware to defendant Hunt Oil Company covering 680 acres of the total acreage herein involved, dated June 5, 1945, insofar as the lease attempts to cover minerals not then owned by Ware but which would thereafter be acquired by him by operation of law or otherwise. In addition, as to defendant Ware, plaintiff would charge him with fraud in the manner of his acquisition of the property hereinabove described, and in executing an oil, gas, and mineral lease covering a particular 80-acre tract of the lands herein concerned, in that it was stipulated therein that no drilling shall be done upon said property until plaintiff's mineral servitude shall have prescribed.
To plaintiff's action, defendant Hunt Oil Company filed an exception or plea of lis pendens, and defendant Ware, exceptions of no cause and of no right of action. From a judgment sustaining these exceptions and dismissing her action, plaintiff has appealed.
The plea of lis pendens is predicated on the pendency of a prior suit between plaintiff and defendant Hunt Oil Company on the same cause of action and having the same object. The prior suit referred to, pending on appeal in this court at the time the instant action was filed, is styled Scott v. Hunt Oil Company et al., reported in 152 So.2d 599. That action, subsequently remanded to the district court for further proceedings, has been tried therein on its merits, and, from an adverse judgment in said cause, plaintiff has appealed. That appeal bears No. 10124 of the docket of this court and was on this day decided, the opinion in which is reported in La. App., 160 So.2d 433.
Reference to the opinions of this court, as previously and as presently rendered, discloses that the prior and present actions, as between plaintiff and defendant Hunt Oil Company, encompass the same cause of action and have the same purpose and object in view, and, moreover, were pending between the same parties in their same capacities. Obviously, a final judgment in the former suit would constitute res judicata in the latter. As was pointed out in State ex rel. Marston v. Marston, 223 La. 1046, 67 So.2d 587,
"It is well settled that the pleas of res judicata and lis pendens bear a strong analogy and that a fair test of lis pendens is to inquire whether a final judgment in the former suit would be res judicata in the latter, if it would then the exception of lis pendens is well pleaded." (67 So.2d 587, 589.)
See, also: Dick et al. v. Gilmer, 4 La. Ann. 520; Bischoff v. Theurer, 8 La.Ann. 15; Exchange Nat. Bank v. Holoman, 177 La. 537, 148 So. 702; DeLee v. Price, La.App. 1st Cir., 1957, 94 So.2d 79.
The fact that the first suit was pending on appeal has no effect on a plea of lis pendens. For example, in Cardino v. Scroggins, 190 La. 53, 181 So. 810, a plea of lis pendens was sustained and the second suit dismissed, where the second *240 suit involved the same parties in identical capacities, was based upon the same cause of action and had the same object, even though the first suit was pending on appeal. See also: State ex rel. Divens v. Johnson, 207 La. 23, 20 So.2d 412.
Therefore, we must give effect to the provisions of Art. 531 of the LSA-Code of Civil Procedure, which recites that
"When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Art. 925. * * *"
Art. 925 of the LSA-Code of Civil Procedure, as referred to, provides:
"The objections which may be raised through the declinatory exception include, but are not limited to, the following:
* * *
"(3) Pendency of another action between the same parties, in the same capacities, on the same cause of action, and having the same object; * * *."
The conclusion is therefore inescapable that the plea of lis pendens was properly sustained.
The exceptions urged by defendant Ware are likewise well-founded. The exception of no right of action is based on the propositions that plaintiff's allegations, when considered alone or in conjunction with the supporting documents, affirmatively disclose that plaintiff has no legal interest in asserting or pursuing any demand predicated upon her charges of fraud or any demand to strike any clauses from the lease executed by that defendant to the defendant Hunt Oil Company. The exception of no cause of action, predicated upon the same propositions, as well as on the proposition that plaintiff's demand for the return of all of her rights in her mineral servitude to her peaceful possession, is well-founded.
On a trial of an exception of no cause of action, all allegations of fact are assumed to be true. Giving consideration to these allegations, we find that plaintiff's original mineral interest was acquired by inheritance from her father, who had, in a sale of the 1182-acre tract, reserved a one-half mineral interest and who had subsequently reacquired the remainder of the mineral rights. The tract which was then owned by S. A. Ware was afterward acquired by Leroy Ware. Leroy Ware, under date of June 5, 1945, granted an oil, gas, and mineral lease to Hunt Oil Company on a portion of the property in which plaintiff asserts a mineral servitude. This lease contained a provision to the effect that it covered all minerals presently owned by the lessor or that which might be subsequently acquired by him. A further allegation is made that defendant has attempted to lease a particular 80-acre tract of the land herein involved, with the stipulation that no drilling shall be done until plaintiff's mineral servitude is prescribed.
First, we may consider the question of fraud as raised in plaintiff's pleadings. The specifications made in this regard are in general terms and fail to comply with the requirements of Art. 856 of the LSA-Code of Civil Procedure wherein it is stated that
"In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. * * *"
Therefore, plaintiff's petition, based upon the allegations of fraud, do not state or disclose a right or cause of action.
As to the attack made upon Ware's title in fee to the property involved, plaintiff relies upon alleged insignificant and immaterial matters relating to the bankruptcy proceedings through which he acquired *241 title. Plaintiff's alleged mineral servitude antedated this proceeding which in nowise could affect her interest. Obviously, plaintiff has no legal interest in thus attacking Ware's title, and, having no such interest, she has no standing in court to question the same. LSA-C.C.P. Art. 681; Ritsch Alluvial Land Co. et al. v. Adema et al., 211 La. 675, 30 So.2d 753; State ex rel. Adema et al. v. Meraux, 191 La. 202, 184 So. 825; Tichenor v. Dr. G. H. Tichenor's Antiseptic Co., 180 La. 119, 156 So. 194; Waterhouse v. Star Land Co., Limited, et al., 139 La. 177, 71 So. 358; Quaker Realty Co. v. Labasse, 131 La. 996, 60 So. 661; Succession of Vicknair, La.App. 4th Cir., 1961, 126 So. 2d 680.
Neither does plaintiff have any interest in attacking, or in canceling, any part of the leases executed by Ware to Hunt Oil Company or to others. This court has already had occasion to consider this proposition in Scott v. Hunt Oil Company et al. (1962), La.App., 152 So.2d 599, wherein, in giving consideration to the demands of this plaintiff against one of the defendants therein, Haroldson L. Hunt, Jr., Trust Estate, we stated:
"The defendant, Haroldson L. Hunt, Jr., Trust Estate, is the alleged lessee under a lease executed by plaintiff's mother and five of her brothers and sisters, to which she was not a party and in which, of course, she has no interest. Without interest, she is without a cause or right of action to seek a cancellation of the lease." (152 So.2d 599, 604.)
Neither the lease of June 5, 1945, from Ware to Hunt Oil Company, nor Ware's alleged attempts to enter into a contract of lease of 80 acres of the tract involved, stipulating no operations thereon until the present mineral servitudes have been extinguished by prescription, constitutes an obstacle to plaintiff's use of any rights of servitude. The truth of this proposition was upheld in Gayoso Co. v. Arkansas Natural Gas Corporation et al., 176 La. 333, 145 So. 677. There, the owner of land subject to a mineral servitude granted a lease to a third party. The third party claimed the lease operated as an obstacle to the exercise of his rights. It was there held that the execution of the lease constituted no obstacle to the mineral holder's exercise of its rights as the owner of the mineral servitude. On this point, the court very appropriately stated:
"It is plaintiff's position that the granting of this lease operated as an obstacle to prevent plaintiff from enjoying its exclusive right to explore the land for minerals; that it operated as a declaration by Ashley to declare forfeited the rights reserved by Giddens and to resist their exercise, and was an active violation of Ashley's obligation to Giddens, arising from accepting the land without the mineral rights, to permit Giddens and his assigns to explore the land, since Giddens' right to explore it was, by virtue of the reservation, exclusive.
"In our view none of these results follows the granting of the lease, as a matter of course, while the reservation was in force. There was nothing unusual or out of place in Ashley's doing what he did. At the time Ashley, it is true, granted the lease, he had not the mineral rights to the land to lease, but the moment the reservation would expire, the mineral rights would revert to Ashley's lessee by virtue of the lease. Until the lease expired Ashley's lessee, or his assigns, could not enter upon the land for the purpose of exploring it for minerals, for Giddens, or his assigns, held, until the expiration of the reservation, the prior right to explore the land for minerals. In these circumstances, there was no reason why Giddens, or his assigns, should not have attempted to explore the land. The granting of the lease did not constitute a placing of an obstacle in the way. Had an effort been made by Giddens, *242 or his assigns, to exploit the land, and had the effort been met with resistance by Ashley, or his assigns, then it might be said that the resistance constituted an obstacle, placed in the way of using the servitude * * *." (145 So. 670, 679.)
See, also: Deas v. Lane, 202 La. 933, 13 So.2d 270, 276.
Therefore, it must be conceded that, if the execution of a lease would not constitute an obstacle to the exercise of the right of a mineral servitude, then, a fortiori, an attempt to do so, would not create such an obstacle. In fact, no contention is made that defendant Ware is doing anything to prevent plaintiff from exercising her rights as the owner of a mineral servitude.
A petition by the owner of a mineral servitude against the owner of the land, to cause the former's rights of servitude to be recognized, fails to state a cause of action in the absence of an allegation that the owner of a mineral servitude attempted to exercise his rights of servitude but has been prevented from so doing by the acts of the landowner. Perkins v. Long-Bell Petroleum Company, 227 La. 1044, 81 So.2d 389; Hassler et al. v. Brinker, La.App.2d Cir., 1932, 142 So. 730. Moreover, Art. 681 of the LSA-Code of Civil Procedure, heretofore cited, recites that
"Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."
The jurisprudence supports this fundamental rule. Warner v. Lewis et al., 167 La. 49, 118 So. 688; Succession of Vicknair, supra; Dillard University v. Local Union 1491 Int. Longshoremen's Assoc., La.App. 4th Cir., 1962, 144 So.2d 710.
Thus, the rule is well established that, in order to set forth a cause of action, a plaintiff must disclose, by the allegations of his petition, that he has some actual interest in prosecuting the suit. No such interest is disclosed against defendant Ware. Hence, the exceptions of no cause and of no right of action were properly sustained.
For the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant's cost.
Affirmed.