BOLIN, Judge.
Plaintiff, an heir of W. P. Baucum, deceased, seeks a writ of mandamus to compel defendant lessee to pay all sums allegedly due her for oil and gas production under the unleased portion of a mineral reservation made by her father in 1936. From judgment sustaining an exception of no cause and no right of action plaintiff appeals.
Plaintiff’s cause of action is predicated upon the following sections of Title 30 of the Louisiana Revised Statutes:
§ 105:
“It shall be unlawful for a person acquiring mineral rights from, or mineral rights under a lease by, the last record owner and holding under an instrument sufficient in terms to transfer title or for a person purchasing mineral products to withhold payment of any rentals, royalties or other sums due to a party holding an interest in the minerals, or under the lease.”
§ 106:
“A. A person producing minerals under a lease granted by the last record owner and holding under an instrument sufficient in terms to transfer title to the land or mineral rights, shall be presumed to have derived his right from the true owner. The lessor, royalty owner, lessee or producer or persons holding from them shall be entitled to all minerals produced or to their proceeds, unless and *780 until a suit testing title of the land or mineral rights embraced in the lease is filed in the district court of the parish in which the property is located.
“B. A purchaser of minerals produced from a recorded lease granted under these conditions shall be fully protected in making payment to any party in interest under the lease unless and until the above mentioned suit should be filed and the purchaser receives notification of it by the usual postal registry receipt card. The purchaser shall not be entitled to this protection unless he has recorded in the conveyance records of the parish in which the land is located, notice that the minerals have been and will be bought by him.”
§ 107:
“A writ of mandamus to compel payment of whatever may be due to a party in interest under the circumstances set out in R.S. 30:105 — 30:106, or under any division order, may be issued by a court of competent jurisdiction against a person liable for the payment claimed. These proceedings shall be tried by preference.”
The statute sought to be invoked by plaintiff provides for an extraordinary remedy when there is no adequate remedy at law. Mandamus should not be used to enforce the collection of unliquidated or disputed obligations. State ex rel. Boykin v. Hope Producing Company, 167 So. 506 (La.App. 2 Cir.1936); State ex rel. Superior Oil Company v. Texas Gas Transmission Company, 242 La. 315, 136 So.2d 55 (1961).
A suit involving ownership to the servitude under which plaintiff alleges defendant is securing production of minerals and for which it is failing to pay has been before this court on two prior occasions. (Scott v. Hunt Oil Company, 152 So.2d 599, (La.App. 2 Cir. 1962); Scott v. Hunt Oil Company, 160 So.2d 433, (La.App. 2 Cir. 1964 cert. den.). In the last cited case it was held plaintiff had no title to the mineral interest involved in the present litigation as same had become extinguished by prescription of ten years. This judgment having become final, it follows plaintiff’s demands are not only unliquidated and uncertain but there are no “other sums due” to her.
The exception of no cause and no right of action was properly sustained and, accordingly, the judgment appealed from is affirmed at appellant’s cost.