MARCEL, Sr., Judge Pro Tem.
Plaintiffs, Lloyd F. Giardina and Bon Marche Furniture Company, Inc., a corporation the stock of which is owned by Mr. Giardina, filed this action against defendants for a preliminary and permanent injunction seeking the removal of an advertising sign erected and maintained by Mar-rero Furniture Company, Inc. The sign in question is located at the intersection of Ames Boulevard and Fourth Street in Marrero, Louisiana on property adjoining that of plaintiffs’. The trial court dismissed the proceeding for a preliminary injunction on the grounds that plaintiffs failed to prove the necessary irreparable injury due to the existence of the sign. Plaintiffs subsequently perfected an appeal to this court. This court dismissed that appeal ex proprio motu for failure to file the appeal within the time limit allowed. The matter of the permanent injunction was then heard by the trial court and the same judgment was rendered as in the matter of the preliminary injunction. Plaintiffs now appeal that judgment to this court.
On a finding that the trial court correctly resolved the questions of fact and the law presented, we affirm.
Three questions must be answered to reach a conclusion in the dispute. We must first determine on whose property the sign is located; then, if plaintiffs are the proper parties to bring this action, and finally, if plaintiffs have maintained their burden of proving irreparable injury to justify granting of injunctive relief.
9
Concerning the first question, there is adequate expert testimony in the record relative to the location of the sign in question and of a right-of-way along Fourth Street held by the Louisiana Department of Highways. While the testimony does not conclusively prove where the right-of-way begins and ends, it does establish that in the vicinity of the sign the right-of-way is 80 feet in width. One witness, a district engineer for the Louisiana Department of Highways, testified that Fourth Street is a highway maintained by his department. The department kept the road in repair and in the area of the sign cut the grass and picked up litter.
Another witness, a civil engineer and land surveyor, testified as to the locations of the sign and Highway Department *545 right-of-way by using maps and surveys from public records for reference. He located the plaintiffs’ property as fronting on Fourth Street and the sign as being approximately IS feet into the area labelled as Jefferson Highway (now Fourth Street). He concluded that the sign was 15 feet into the right-of-way for Fourth Street. This evidence leads us to the conclusion that the sign is within the Highway Department’s right-of-way. If the plaintiffs’ property fronts on Fourth Street and the Highway Department’s right-of-way is 80 feet in width at this point, the logical conclusion is that the sign is within the right-of-way.
Since the sign is located on property under the dominion of the Louisiana Department of Highways, do the plaintiffs have the right to bring this action? We find that they clearly do not.
In the case of Scott v. Hunt Oil Company, 152 So.2d 599 (La.App.1963) the court said:
“It is a fundamental rule that one who had no interest has no right or standing in court. State ex reí. Adema v. Mer-aux, 191 La. 202, 184 So. 825; Johnston v. City of New Orleans, 234 La. 697, 101 So.2d 206. This rule is predicated upon the statutory requirement that
“ ‘ * * * an action can be brought only by a person having a real and actual interest which he asserts.’ LSA-C. C.P. Art. 681. Thus, the want of interest is amenable to an exception of no right of action. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So. 2d 375.”
The plaintiffs’ petition nowhere contends that the sign is on their property but allege that it is located with the right-of-way held by the Louisiana Department of Highways.
Plaintiffs are clearly attempting to enforce the right of a third party which they have no legal standing to do. The Louisiana Department of Highways is the only party possessing a real and actual interest in the property on which the sign is located.
If, however, the plaintiffs could prove that the existence of the sign is causing them to suffer immediate and irreparable injury, then they would have the necessary interest to assert this action. We agree with the trial judge that plaintiffs have failed to carry the burden of proving their irreparable losses. Plaintiffs merely speculate as to the monetary loss and the loss of customers they may suffer as a result of the location of the sign but fail to substantiate their claims. Immediate and irreparable injury must be proven to justify ’ granting of injunctive relief. Plaintiffs’ testimony only relates to possible future monetary losses.
It is a well settled principle of law that injunctive relief is an inappropriate remedy absent a showing of immediate irreparable injury. See McBride v. Duckworth, 232 So.2d 122 (La.App.1970).
In the case of Monochem, Inc. v. East Ascension Telephone Co., 195 So.2d 748 (La.App.1967) the court very adequately defined what is meant by “irreparable injury” by saying:
“We feel that plaintiffs’ position is well taken. Irreparable injury is that injury ‘for which the injured party cannot be compensated adequately in damages or for which his damages cannot be measured by a pecuniary standard.’ ”
Neither plaintiffs’ petition nor evidence introduced at trial prove a case of irreparable injury.
For the foregoing reasons the judgment of the lower court is affirmed, cost of this appeal to be borne by plaintiff-appellant.
Affirmed.
*546 LEMMON, J., dissents.